St. Malachy's Home, Plaintiff, *v.* John F. Hylan, as Mayor of the City of New York, and Others, Defendants.

Supreme Court, Kings Special Term, August, 1923.

**Injunction — restraining interference of commissioner of public welfare with church bazaar — gambling device — duty of police — modification of injunction.**

Section 196 of the Code of Ordinances of the city of New York does not authorize the commissioner of public welfare to assume jurisdiction and supervise any activity other than one for the soliciting of money, donations or financial assistance upon the public streets or in public places.

Where, upon a motion by said commissioner to vacate as to him an *ex parte* stay granted by an injunction order restraining interference with the conduct of a bazaar being held on behalf of plaintiff, a religious corporation, on its own premises, which is surrounded by a very high inclosing structure excluding the interior from public view, nothing appears in the moving papers to indicate that any solicitation within the meaning of section 196 of said Code of Ordinances is taking place upon the private premises of the plaintiff or even upon streets or in public places, the injunction will be sustained.

It was objected that the injunction was too broad in that it permitted to be operated a gambling apparatus described as one where persons pay ten cents for a chance to receive any one of a set of articles of differing values, which have affixed to them given numbers. The determination as to which article a person is to get for ten cents is decided by the turn of a wheel and the chance stopping of it at a point on a surface marked with a set of corresponding numbers. *Held*, that the operating of said apparatus was a violation of section 971 of the Penal Law and while the commissioner of public welfare had no jurisdiction in the matter the peace officers of the community had, and as to them and their superior executive officers the injunction will be modified by striking out such provisions as restrain them from performing their duty with respect to violations of law in the particular instance.

The police have a right to assume that a religious or charitable corporation in conducting an affair on its own private grounds is not doing anything criminal and should not interfere with the activity unless and until facts are brought to their attention which overthrow the presumption of the innocent and lawful nature of the activity conducted in behalf of such an institution.

The use of a wheel to distribute property by chance where all persons engaging in the venture get something but of different value is in violation of the criminal law even though there are no losers.

Motion to vacate a stay.

*Sprague, Morris & Fluckiger* (*William J. Morris, Jr.*, of counsel), for plaintiff.

*George P. Nicholson*, corporation counsel (*Robert J. Culhane*, of counsel), for defendants.

Carswell, J.  This is a motion by one of the defendants, Bird S. Coler, as commissioner of public welfare of the city of New York, to vacate an *ex parte* stay granted by an order of a justice of this court restraining the defendants from interfering with the conduct of a bazaar being held on behalf of the plaintiff, a religious corporation.

He asserts (1) that the affair is being conducted without a permit in violation of chapter XIV, article 18, sections 196–200, of the Code of Ordinances of the city of New York; (2) that the complaint upon which the relief was granted does not state a cause of action; and (3) that the injunction is too broad in that it permits gambling apparatus to be operated in violation of the Penal Law and permits such apparatus to be housed upon the premises of a religious corporation in violation of section 971 of the Penal Law.  They will be disposed of in the order mentioned.

(1) It is conceded that the bazaar is being conducted on property which is part of the premises of the plaintiff and it appears that the same is surrounded by a very high inclosing structure, excluding the interior from public view.  The jurisdictional provision of the ordinances is section 196.  It is limited to charity collections on streets and in public places.  They are authorized to be carried on only under a permit from the commissioner of public welfare.

Section 199, regulating the manner in which collection boxes shall be labeled when placed in certain enumerated places, some of which are unquestionably public places and others doubtfully so, does not enlarge the scope of section 196 so as to include what is ordinarily a private place not therein enumerated, such as the one upon which plaintiff is conducting its bazaar.  Furthermore, section 199 is confined exclusively to labeling of boxes and no such matter is involved in this application.

Section 196 does not authorize the commissioner to assume jurisdiction and supervise any activity other than one for the soliciting of money, donations or financial assistance upon the streets or in public places.  Assuming under section 196 the place in question became a public place within the principle of the unquestionably sound decision of *People* v. *Whitman*, 178 App. Div. 193, the further question remains are the activities here carried on, of a nature that is within the language of section 196.

I think not. There is nothing in the moving papers to indicate that any solicitation, within the meaning of section 196, is taking place upon the private property of the plaintiff or even upon streets or in public places. A bazaar does not necessarily involve a solicitation of money as a matter of donation or gift. In the absence of facts showing that the activity is of the character set forth in the ordinance, it must be held, even if the private property of the plaintiff temporarily becomes in a sense a public place, that the commissioner as such has no jurisdiction over the activity involved in this proceeding under the ordinances referred to.

(2) As to the next objection: It should be held that the complaint states a good cause of action.

(3) As to the final objection: The apparatus is described as being one where persons pay ten cents for a chance to receive any one of a set of articles of differing values, which have affixed to them given numbers. The determination as to which article a person is to get for ten cents is decided by the turn of a wheel and the chance stopping of it at a point on a surface marked with a set of corresponding numbers. The Penal Law, section 971, states: " It is unlawful to keep * * * any * * * apparatus whatever * * * intended to be used in playing any * * * game of chance upon which money is usually wagered at any of the following places: (1) within a building or the appurtenances or grounds connected with any building * * * any part of which is usually occupied by a religious corporation, or an incorporated benevolent, charitable, * * * society * * *."

I am of the opinion that the apparatus in question is a violation of that provision. The fact that every person wins something does not eliminate the element of chance, since the degree of value attaching to the article which a particular person may get is determined wholly and solely by chance.

This holding must be had, even though from the earliest times it has been the inborn propensity of human beings to indulge in such activities and games of chance and to have the determination of whether property in small amounts or in great amounts should pass from one to another decided by chance. This is so although there seems to be no condemnation in Holy Writ of that inborn human propensity. We find in Joshua, chapter XIV, that the inheritance of the tribes of the Children of Israel was distributed and determined by lot; that is, by chance, and that such method of decision was " As the Lord commanded by the hand of Moses." Verse 2. And so the details of these decisions of chance by command of the Supreme Authority are set forth at length in Joshua, chapters XIV–XIX, as being a proper method of decision as to

whom particular parcels of property or items of value should go. But the institutions which receive their chief inspiration and reason for existence from the teachings of Holy Writ have been by modern legislators banned in seeking funds for maintenance from using methods that contain the same principle of distribution of property or decision by chance commanded and approved in Joshua as cited above. That which has Scriptural sanction has been in a later day visited with statutory condemnation. The legislators' action in so enacting has been assumed to be in accord with sound public policy and for the general well being. Their enactments, to be sure, were primarily and originally directed against such methods of decision by chance which were operated or intended to be operated for commercial gain, but if the method or means utilized for commercial gain comes within the condemnation of the statute, its use for a benevolent or religious purpose comes equally within the prohibition. The purpose for which the money accruing is to be used does not determine the legality or illegality of the method by which the money is obtained.

A court's function is to declare the law, not to make the law, especially where statutory enactments are involved. The function and privilege of the legislature is to change this law if charitable or religious institutions are to be excepted from its provisions.

Therefore, while the commissioner of public welfare has no jurisdiction in the matter, the defendant peace officers of the community have, and it is well settled that a court of equity may not interfere to prevent the police enforcing the criminal law. *Delaney* v. *Flood*, 183 N. Y. 323; *Davis* v. *American Society, etc.,* 75 id. 362. It may interfere in preventing the police from themselves doing criminal acts under the guise or pretense of enforcing the criminal law. In this case, therefore, the police should be permitted to perform their duty by lawful means.

It is no proper function of the police, when a religious or charitable organization, such as the plaintiff herein, conducts an affair on its private grounds, to presume that it is doing any unlawful thing. They have a right to assume such worthy organizations are not doing any criminal thing, and the police, therefore, should not interfere with the activity unless and until facts are brought to their attention which overthrow the outstanding presumption of the innocent and lawful nature of the activity conducted by individuals on behalf of such an institution. It is only at that time and at that stage that the police are under any duty to take cognizance and then only by having recourse to process that will conform to our law, including the search and seizure provisions thereof. If this policy is adhered to, at no time can it be properly

said that the police are derelict in their duty, unless and until they fail to have recourse to the lawful means available to them after facts of a persuasive or credible sort are brought to their attention that seem to reveal an unlawful activity in or upon the premises of an institution such as this plaintiff. This is so, especially since there heretofore has been no authoritative decision rendered holding that the use of a wheel to distribute property by chance where all persons engaging in the venture get something, but of differing value, and there are no losers, is violative of the statutes of this state. Action or inaction of the police under a situation involving debatable questions of law should not be made the subject of animadversions upon the peace officers until such questions have been taken out of the realm of debate by authoritative court decisions.

Accordingly the injunction order heretofore signed as against the commissioner of public welfare should stand, but will be modified as against the members of the police department made parties defendant and their superior executive officers, by striking out such provisions as restrain them from performing their duty with respect to violations of the law, particularly the alleged violation regarding the operation of a wheel device in a game of chance, if it is in fact being operated. Submit order.

Ordered accordingly.