# SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

## May 18, 1917.

## THE PEOPLE v. LAURA WHITMAN.

(178 App. Div. 193.)

PENAL LAW, § 720, RELATING TO DISORDERLY CONDUCT IN PUBLIC PLACES, CONSTRUED—USE OF OFFENSIVE LANGUAGE BY PERSON ON OWN PRIVATE PROPERTY NOT A VIOLATION OF STATUTE—SLANDER.

The words "in any place," as used in section 720 of the Penal Law, providing that "any person who shall by any offensive or disorderly act or language annoy or interfere with any person in any place * * *, shall be deemed guilty of a misdemeanor," do not apply to disorderly acts or language by a person while upon his own private property. In order to constitute an offense, the acts committed or language used must have been committed or used in a public place.

Hence, a woman who, while standing in her private residence, no person other than herself and husband being upon her premises, addressed offensive words to another woman and her husband who were in their rear yard adjoining, and such words were spoken in such a tone of voice that they could not be distinguished by others, is not guilty of a violation of the statute.

Such acts at most constitute mere slander for which the aggrieved party may have a civil remedy.

JENKS, P. J., and PUTNAM, J., dissented.

APPEAL by the defendant, Laura Whitman, from a judgment of the County Court of Nassau county, entered in the office of the clerk of said county on the 25th day of March, 1916, affirming a judgment of the police justice of the village of Freeport, convicting the defendant of violating section 720 of the Penal Law.

*Harry G. Clock,* for the appellant.

*Charles I. Wood, Assistant District Attorney (Lewis J. Smith, District Attorney, with him on the brief), for the respondent.*

RICH, J.:

This matter is brought before the court upon a certificate of reasonable doubt, and presents an appeal by the defendant from a judgment of the County Court of Nassau county, affirming her conviction of a violation of the provisions of section 720 of the Penal Law.

Two questions require consideration and determination: (1) Do the words " in any place," as used in that section of the statute, apply to disorderly acts or language by a person while upon his own private property? (2) if not, and it be held that such acts must be committed, and language used, in a public place, to constitute an offense under the statute, does the proof establish that the defendant used the language and committed the acts with which she is charged, in a public place?

The information charges that the defendant, on the 3d day of December, 1915, " on Raynor Avenue, in the incorporated village of Freeport * * * did commit the crime of annoying and interfering with a person by offensive and disorderly acts and language in violation of section 720 of the Penal Law of the State of New York, by maliciously, willfully, wrongfully and unlawfully calling informant and informant's wife vile, indecent, offensive and opprobrious names and accusing deponent and his said wife of being criminals and bastards." The evidence of the People shows that foul and indecent language was used by the defendant while standing in the back kitchen doorway, and at a window, of her own residence, the complainant and his wife, to whom such language was addressed, being in the back yard of their residence lot, which joins that of the defendant on the north.    Sections 43 and 720 of. the

present Penal Law were formerly united in section 675 of the Penal Code, and the words "in any place," then contained therein and now forming part of that portion of the section retained in section 720 of the Penal Law, upon which this conviction is based, were construed in People v. St. Clair (90 App. Div. 239) and held to have reference only to a public place. The court said that in order to establish the offense mentioned in the section "there must be an annoyance to or interference with some person in a public place by act or language which is either offensive or disorderly." Such statement correctly expresses the legal construction to be given the language used in section 720 of the Penal Law, and, in order to constitute an offense under its provisions, the acts committed or language used must have been committed or used in a public place.

A public place is, generally speaking, "A place openly and notoriously public, a place of common resort; a place where all persons have a right to go and be; a place which is in point of fact public, as distinguished from private — a place that is visited by many persons, and usually accessible to the neighboring public; every place which is for the time made public by the assemblage of people." (32 Cyc. 1249.) While a place not public in the sense in which that word is generally used may, under certain circumstances, be held to be a public place within the meaning of those words as used in a statute, there is no proof in the case at bar, or in the definition of those words to which our attention is called or which we have been able to find, which permits a holding that the defendant in the case at bar spoke the words charged in a public place. She spoke them while standing in her private residence, no person other than herself and husband being upon her premises, and addressed them to the complainant and her husband, who were in a rear yard adjoining their private residence property; the words were spoken in a tone of voice that did not permit her

neighbor on the south, 125 feet away, to distinguish what she said.

Although the learned County Court in its opinion says " that persons passing along the street could hear it," and that the defendant's house was situate on " a public street in the village of Freeport," I am unable to find any proof sustaining such statements.   There is no proof that Raynor avenue is a public street, or that there was any public street in the vicinity of defendant's premises; there is no proof of the distance from Raynor avenue to the window or back kitchen door of defend-. ant's house in which she was standing while talking, or. that the place where she stood was visible from any street; there was no assemblage of people on either the defendant's or complainant's property; the public had no right to resort to or be thereon; there is no proof that what defendant said was or could be heard by a passerby on Raynor avenue, and the case at bar is, therefore, removed from the operation of the rule declared in the cases cited by the learned district attorney.

The offense of which the defendant has been convicted was not committed in a public place and did not constitute an offense under the provisions of section 720 of the Penal Law, but is at the most a mere slander, for which the aggrieved party may have a civil remedy but which does not constitute a crime punishable under the criminal law.   It follows that the judgment appealed from must be reversed.

The judgment of the County Court of Nassau county should be reversed, information dismissed, defendant's bail exonerated, and defendant discharged from custody.

MILLS and BLACKMAR, JJ., concurred; JENKS, P. J., and PUTNAM, J., voted to affirm.

Judgment of conviction of the County Court of Nassau county reversed, information dismissed, defendant's bail exonerated, and defendant discharged from custody.