OLGA ZECCA, PROSECUTOR, v. DUNCAN C. SMITH, RECORDER OF THE BOROUGH OF ROCKAWAY, RESPONDENT.

Submitted May 13, 1927—Decided November 11, 1927.

Disorderly Persons—Ordinances—Convictions—Alleged Disorderly Acts Appear to Have Been Committed in the Private House of Complainant—To Come Within the Provisions of the Ordinance the Offense Must Have Been Committed in a Street or Public Place—Record Discloses the Commission of No Such Offense—Conviction Set Aside.

On writ of *certiorari.*

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Edward A. Walsh.*

For the respondent, *King & Vogt.*

PER CURIAM.

This case is before this court on a writ of *certiorari.* The writ brings up the record of the conviction of the prosecutor, Olga Zecca, as a disorderly person. The complaint against Olga Zecca was made by Ida Peluso. It states that Ida Peluso is informed and verily believes that on the 14th day of September, 1926, in the borough of Rockaway, one Olga Zecca, of said borough, was a disorderly person within the meaning and intent of the borough ordinance concerning drunk and

disorderly persons in that the said Olga Zecca caused a disturbance in the home of the said Ida Peluso and did use obscene language, curse and swear. Upon presentation of the complaint to the borough recorder, a warrant was issued for Olga Zecca. She was apprehended, tried and convicted of violating section 2 of the borough drunk and disorderly persons ordinance in that she did cause a disturbance in the home of Ida Peluso and did use obscene language, curse and swear. She was fined $10 and directed to pay the same and costs. A bond was given by the prosecutor and the writ of *certiorari* allowed to review the conviction.

It appears from the state of the case that Mrs. Zecca visited Mrs. Peluso. Beside the two women there were present on this occasion Steve Speronne and Joseph Shimens. The testimony of Mrs. Peluso and Shimens was to the effect that Mrs. Zecca called Mrs. Peluso a whore and a bum, and applied to her other unseemly epithets. Speronne testified that Mrs. Peluso told Mrs. Zecca to get off of her property. This command was somewhat interlarded with oaths. There was a fight in which each called the other names not necessary to mention. Mrs. Zecca denied that she had used the language attributed to her. This constituted the evidence.

There are ten reasons assigned for reversal of the conviction. It seems unnecessary to consider all of these reasons. The record of the conviction does not show a violation of any ordinance or statute. Section 2 of the ordinance of the borough of Rockaway referred to prescribes that any person or persons who shall in any street or place in the borough of Rockaway make use of obscene language, curse and swear, &c., shall be subject to a fine of $10, &c.

The alleged disturbance and exchange of compliments admittedly occurred in the home of Mrs. Peluso. It was not in a public street or place. The language, &c., must have been used, in order to come within the provisions of the ordinance, in a street or place, that is, a public place. In the case of *Anderson* v. *City of Camden*, 52 *N. J. L.* 289, it was held that a complaint that a person applied to another a profane epithet at the latter's residence does not charge a violation of

an ordinance of Camden city providing for the conviction of all persons who shall make, aid, countenance or assist in making any improper noise, riot, disturbance or breach of the peace on the streets or highways, or elsewhere within the city. The complaint was faulty as it stated that the disturbance occurred in the home of Mrs. Peluso. It was insufficient and failed to charge a violation of the ordinance.

The record of the conviction does not state a conviction of any offense under the ordinance. This is necessary. *Salter* v. *Bayonne,* 59 *N. J. L.* 128. This case held that the record of the conviction must show on its face every necessary ingredient of the offense. It must set out the offense with which the offender is charged, the names of the witnesses, and sufficient of the evidence to show that the offense was committed, upon what evidence the conviction was had, and upon what evidence the judgment was imposed. This the conviction in the present case fails to do. It does not set out with sufficient particularity the offense. No witnesses are named. No evidence is recited to show that the offense was committed.

The conviction is set aside, with costs.