THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* DAVID M. TRUMBLE, Appellant.

County Court, Tioga County, May 25, 1933.

*Benjamin W. Loring,* for the appellant.

*George L. Andrews, District Attorney,* for the respondent.

TURK, J.   The appellant, David M. Trumble, on the 8th day of August, 1930, was convicted of the charge of violating section 720 of the Penal Law after a trial before the police justice and a jury. It is charged by one William DeLisle that on the 21st day of July, 1930, the appellant violated section 720 of the Penal Law of the State of New York, in that he used offensive language and *disorderly acts* and did annoy and interfere with the complainant at his place of business in the village of Owego, and that he used words which did disturb and offend the complainant.

From the evidence given before the trial court it seems that on the day in question the complainant and the appellant conducted adjoining restaurants on Main street in the village of Owego. While both of these gentlemen were in front of their places of business arranging signs which would most attractively call the attention of the public to the choice of foods kept within, a mild sort of argument started between the complainant and the appellant's wife.  The appellant apparently had no part in this argument,

but the complainant invited the appellant to go out in the " back alley," indicating that he would like to finish the argument with the appellant. The appellant seemed to be agreeable to this so that both adjourned to the rear of the restaurants which is described as a " back alley." The appellant was followed by his wife and the complainant by the employees of his restaurant. The complainant offered the appellant $100 if he would go somewheres with him and fight, but the appellant contented himself by calling the complainant names and using language which the jury has found was offensive and disturbed and offended the complainant. All the witnesses seemed to agree as to the exact language used and the jury was justified in finding that the language was such as might cause displeasure and resentment, language which was obnoxious to the physical and moral senses, revolting and disgusting; language which, however, in days long past was used by Fielding in a manner more humorous than insolent when he said that " The landlord is a vast, comical bitch."

The statute claimed to have been violated here provides that " any person who shall by any offensive or disorderly act or language, annoy or interfere with any person in any place   *   *   *   by any disorderly act, language or display, although such act, conduct or display may not amount to an assault or battery, shall be deemed guilty of a misdemeanor."   (Penal Law, § 720.)

The words " in any place " have reference to a public place, that is, " a place openly and notoriously public; a place where all persons have a right to go and be; a place which is in point of fact public, as distinguished from private   *   *   *   place which is for the time made public by the assemblage of people." (*People* v. *Whitman*, 178 App. Div. 193; *People* v. *St. Clair*, 90 id. 239.) The use of offensive language on one's own premises does not constitute a violation of section 720 of the Penal Law unless that person communicates it to the public, for example shouts offensive language from a window on a public street, and thus annoys and disturbs some person or persons who are within hearing of the voice.

The burden was upon the People to establish not only that the language was offensive but that it was uttered in a public place and that the complainant herein was annoyed, disturbed and offended by the same.

It is evident that both the complainant and the appellant attempted to go to a place that was private and not public, where they could resume the quarrel started by the complainant and the wife of the appellant, and it is not contended that the appellant uttered a word in the front or public side of his place of business. No one was present at the time the language was used except the

principals and the employees of the principals, none of whom claimed to have been disturbed or annoyed by the language, and all of whom followed the principals to the " back alley " for the purpose of hearing the argument.

No evidence was offered as to the nature of the " back alley " or place where the appellant and complainant indulged in their battle of words, and the court cannot take judicial notice that certain places are public under a statute which forbids certain acts in certain places. (Underhill Crim. Ev. [3d ed.] § 692.)

In these days, when education is so easily obtained and when the vocabulary of most people is extensive enough to give them plenty of clean words to clearly express their contempt of another, we are indeed shocked to find so many resorting to low and contemptible words both in public and in private. I am convinced, however, that the People failed to establish beyond a reasonable doubt that the defendant used offensive language in a public place within the meaning of section 720 of the Penal Law and that the trial court erred in submitting the case to the jury.

The judgment of the lower court is reversed and the complaint dismissed. Enter order accordingly.