THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JAMES PERRY and HARRY CURTIS, Appellants, Impleaded with Another.

(Submitted October 20, 1934; decided November 20, 1934.)

*Everett B. Holmes* and *George L. Bockes* for appellants.

*Donald H. Grant, District Attorney,* for respondent.

LOUGHRAN, J. The three defendants were tried in the City Court of Oneonta upon an information charging them with disorderly conduct in violation of Penal Law,

section 722, subdivision 2, " in that the accused did at the Empire Grill located on Broad Street within said City of Oneonta * * * strike, beat and assault one another with their hands and feet and did * * * act in such a manner by so fighting and assaulting each other, as to annoy and be offensive to others."

The " Empire Grill " is a restaurant conducted by the defendant Perry on Broad street in Oneonta. The defendant Curtis was employed there. He and the defendant Lee were friends living in the same household. The People's proof is that at four o'clock in the morning on March 18, 1934, in Perry's establishment, he and Curtis struck Lee with their fists; that Lee fell twice to the floor and was bruised and bleeding when the police arrived shortly thereafter. This evidence was given by three persons who attempted to enter the restaurant to get beer. The door was locked and they were waved away with the information that the place was closed. No inappropriate language was heard. The restaurant was not fully lighted. One employed as a cook was the only other person there. No one was in the adjacent street except the three witnesses for the People.

The undisputed testimony of the three defendants persuaded the trier of the fact that Lee was the aggressor in the transaction. It is conceded that the police were summoned by Perry.

All the defendants were found guilty, Lee as an invader whose admitted intoxication did not excuse him, the others because their resistance to his intrusion was adjudged to have been unsuitable in kind and excessive in degree. Each defendant was sentenced to one hundred days' imprisonment and directed to pay a fine of one hundred dollars. Upon appeal to the County Court of Otsego county, the judgment against the defendant Lee was reversed. The judgment against the defendant Perry and that against the defendant Curtis were modified by reduction of the fines imposed, and, as so modified,

affirmed. The County Court held the defendant Lee to have been the blameless victim of treatment so brutal as to have tended to a criminal disturbance of the public order. The defendants Perry and Curtis now appeal to this court.

The ruling of the County Court rejects uncontradicted testimony which was credited by the trial judge, who saw and heard the witnesses. Strong argument could be made that the appellants have now been held to answer for an act not charged. The modified judgments are here attacked, however, upon the broader ground that upon this record the finding of guilt against the appellants is without justification in law. We think the attack must succeed.

The allegation is that the defendants transgressed Penal Law, section 722, subdivision 2. That provision reads: " Any person who with intent to provoke a breach of the peace, or whereby a breach of the peace may be occasioned, commits any of the following acts shall be deemed to have committed the offense of disorderly conduct: * * * (2) Acts in such a manner as to annoy, disturb, interfere with, obstruct, or be offensive to others." Common law definitions, though not controlling, are aids in ascertaining the gist of the offense so defined. (*People* v. *Most*, 128 N. Y. 108.)

In the orthodox language of an indictment, any criminal act is against the peace and dignity of the People, but not every criminal act is a breach of the peace in the common law sense of that term. " A breach of the peace is an offense well known to the common law. It is a disturbance of public order by an act of violence, or by any act likely to produce violence, or which, by causing consternation and alarm, disturbs the peace and quiet of the community." (*People* v. *Most*, 171 N. Y. 423, 429.) " Each case where the offense is charged must depend upon the time, place, and circumstances of the act." (*People* v. *Johnson*, 86 Mich. 175, 177.) Fighting in a

public place " to the terror of his majesty's subjects " (4 Bl. Com. 145) is at common law an offense against the public peace, an affray, " so called, because it affrighteth and maketh men affraid." (3 Co. Inst. 158.) Fighting in a private place is at common law no crime unless it amount to an assault. (1 Bishop on Criminal Law [8th ed.], p. 329.) At common law the appellants would have been guilty of no offense other than assault. We think that also is the extent of their culpability under our Penal Law.

Actually the defendants annoyed no one, disturbed no one, interfered with no one. Their conduct was not offensive to the People's witnesses, who say they voluntarily looked on, to gratify curiosity or a desire for amusement. The only other observer of the event says that he thought he witnessed a justifiable defense of person and property. " The act complained of must at least be one which reasonably does tend to a breach of the peace." (*People* v. *Nixon*, 248 N. Y. 182, 186.) In our opinion, the acts of the appellants, as described by the People's witnesses, cannot reasonably be held to have tended in the undisputed circumstances to such a disturbance of the tranquillity of the People of the State as to have constituted " disorderly conduct " in violation of the Penal Law.

The judgments of the County Court of Otsego county and of the City Court of Oneonta should be reversed and the information dismissed.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgments reversed, etc.