THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
ESSOLENE MONNIER, Appellant.

Submitted January 17, 1939; decided February 28, 1939.

*Henry Salant* for appellant. The judgment of affirmance
should be reversed and the complaint dismissed. (*People* v.
*Perry*, 265 N. Y. 362; *People* v. *McCauliff*, 267 N. Y. 581.)

*Thomas E. Dewey, District Attorney* (*Stanley H. Fuld* and
*Harris B. Steinberg* of counsel), for respondent. A conviction
under section 722 of the Penal Law is justified if the pro-
hibited acts are committed either with an intent to invoke
a breach or if they have a tendency to do so. (*People* v.
*Sinclair*, 86 Misc. Rep. 426; 167 App. Div. 899; *People*
v. *Squires*, 135 Misc. Rep. 214; *People* v. *Robinson*, 73
Misc. Rep. 343.) The fact that the vile and offensive

language of the defendant was communicated by telephone does not change its character as disorderly conduct within the purview of the statute. (*People* v. *Robinson*, 73 Misc. Rep. 343; *People* v. *Daly*, 154 Misc. Rep. 149; *People* v. *Katz*, 135 Misc. Rep. 336; *People* v. *Gertner*, 124 Misc. Rep. 114.)

FINCH, J. Even assuming that this defendant called the complaining witness on the telephone and applied to her certain foul epithets which were overheard by the telephone operator, the defendant is not guilty of the offense of disorderly conduct as defined in section 722, subdivisions 1 or 2, of the Penal Law. Such a person must act or speak either with an intent to provoke a breach of the peace or in such a manner " whereby a breach of the peace may be occasioned." In the case at bar there is no evidence of an intent on the part of the defendant to effect a breach of the peace, nor are the circumstances such as could possibly occasion such a breach. The means employed, to wit, the telephone, would seem to indicate a contrary intention.

In *People* v. *Perry* (265 N. Y. 362) the proof showed that a restaurant owner and his employee struck with their fists an acquaintance of the employee; that the fight occurred at four o'clock in the morning when no customers were present in the dimly lighted grill which was not open for business; that three witnesses, who saw the fight from the street, testified that they looked on voluntarily to gratify their curiosity. There it was unanimously held that the acts of defendants did not tend to such a disturbance of the tranquillity of the People as to constitute disorderly conduct in violation of the statute. (Penal Law, § 722, subd. 2.) The facts in the case at bar present a weaker case of alleged disorderly conduct than *People* v. *Perry*. Since the decision in *People* v. *Perry*, it has been settled that acts charged as disorderly conduct must be public in character, and such as actually to tend to disturb the

public peace and quiet. If defendant had uttered the words charged to her in the privacy of the office of complainant, no one else being present, defendant would not have committed the offense of disorderly conduct. (*People* v. *McCauliff*, 267 N. Y. 581.) The possibility of a breach of the peace being occasioned under the condition here existing is too remote, and the intent to commit such a breach cannot reasonably be inferred from the evidence. The conduct charged must at least be such that a breach of the peace has become imminent or might reasonably be expected or intended to flow from such conduct.

The judgments should be reversed and the information dismissed.

CRANE, Ch. J., HUBBS, LOUGHRAN and RIPPEY, JJ., concur; LEHMAN and O'BRIEN, JJ., dissent.

Judgments reversed, etc.