The People of the State of New York, Respondent, *v.* Walter Reid, Appellant.

County Court, Madison County, March 16, 1943.

*Hayden C. Covington* and *Joseph E. Rizzo* for appellant.

*Clarence E. Conley, District Attorney,* for respondent.

Campbell, J. This is an appeal from a conviction by the City Court of the City of Oneida, N. Y., sitting as a Court of Special Sessions. The defendant is a member of the sect of Jehovah's Witnesses, claiming to be an ordained minister of that faith.

The alleged offense occurred in the hall of an apartment house occupied by ten families. The accused was engaged in distributing literature, issued by the Jehovah's Witnesses, and playing a phonograph. A few days before this affair he was likewise passing out literature to some of the occupants and playing a phonograph. On the first occasion, Mrs. Cole, the house superintendent, told appellant to stay away from the apartment. However, the accused had a right to enter the building and the hall for the purpose of distributing literature as long as he did it in an orderly manner. (*People* v. *Ludovici,* 13 N. Y. S. 2d 88.)

In *Cantwell* v. *State of Connecticut* (310 U. S. 296, 307), the court said: '' The fundamental law declares the interest of the United States that the free exercise of religion be not prohibited and that the freedom to communicate information and opinion be not abridged.''

The *Cantwell* case is also authority for the rule that (p. 304) '' a State may * * * in other respects safeguard the peace, good order and comfort of the community, without unconstitutionally invading the liberties protected by the Fourteenth Amendment.'' One cannot actually breach the peace under the cloak of religious liberty. And so, we are concerned here with the question as to whether or not an offense has been proven.

The Court of Appeals said in *People* v. *Monnier* (280 N. Y. 77, at p. 78) : '' Since the decision in *People* v. *Perry,* it has been settled that acts charged as disorderly conduct must be public in character, and such as actually to tend to disturb the public peace and quiet.''

The question arises as to whether or not a hall in an apartment house constitutes a public place. No case has been called to my attention which directly discusses this subject. From the holding in *People* v. *Perry* (265 N. Y. 362) it is doubtful.

However, it is clearly established by the highest court of the State and the United States Courts that private or individual annoyances are not sufficient to constitute the offense of disorderly conduct. (*People* v. *Perry,* 265 N. Y. 362; *People* v. *McCauliff,* 267 N. Y. 581; *People* v. *Monnier,* 280 N. Y. 77, *supra; People* v. *Ludovici,* 13 N. Y. S. 2d 88, *supra; Cantwell* v. *State of Connecticut,* 310 U. S. 296, 307, *supra.*)

The burden was on the People to prove beyond a reasonable doubt that defendant annoyed not only the superintendent Mrs. Cole, but others as well. I think the People not only failed in this but the record is conclusive that appellant created no public disturbance.

Two witnesses who lived in the apartment were called by the People in addition to Mrs. Cole. Both witnesses swore that they heard the phonograph and that it was loud.

Witness Pierce testified that there was no disturbance at all.

Officer McGlynn, who appeared subsequently to the alleged disturbance, swore there was no disturbance but testified, " You did not get out when I wanted you out."

Witness George Best swore as follows: " Q. Did I molest you? A. No. Q. Was there any disturbance? A. Yes. Q. What did the defendant do? A. Whatever he did caused two women to protest. Q. Did the defendant molest you in any way? A. No." If there was a second woman besides Mrs. Cole who protested, she was not produced as a witness by the People. No inference can be drawn from her failure to testify unless it be against the People.

The term " molest " as used by witness Best is a synonym for annoyance or disturbance. In Words and Phrases, volume 27, page 430, we find the following definition : " The term ' molestation ' always conveys the idea of some injustice. *Mayor* v. *Magnon*, La., 4 Mart., O.S., 2."

Webster's Dictionary defines " Molest — to trouble, disturb, to render uneasy; to annoy; vex."

*People* v. *Perry* (*supra*) deals with an assault in a public restaurant with others looking on. The onlookers swore they were not annoyed. (Obviously, at least, the one person on the receiving end was disturbed or annoyed.) The court said: " Actually the defendants annoyed no one, disturbed no one, interfered with no one. Their conduct was not offensive to the People's witnesses, who say they voluntarily looked on, to gratify curiosity or a desire for amusement. The only other observer of the event says that he thought he witnessed a justifiable defense of person and property. ' The act complained of must at least be one which reasonably does tend to a breach of the peace. (*People* v. *Nixon*, 248 N. Y., 182, 186.) ' "

In our opinion the acts of the appellant as described by the People's witnesses cannot reasonably be held to have tended in the undisputed circumstances to such a disturbance of the tranquillity of the People of the State of New York as to have constituted " disorderly conduct " in violation of the Penal Law.

In *People* v. *McCauliff* (*supra*) defendant assaulted his wife and called her vile names. No one was disturbed or annoyed but the wife, no other person present. The Court of Appeals held that such acts did not constitute the offense of disorderly conduct.

In *Cantwell* v. *State of Connecticut* (*supra*) the court further said (p. 309): " The sound of the phonograph is not shown to have disturbed residents of the street, to have drawn a crowd, or to have impeded traffic. Thus far he had invaded no right or interest of the public or of the men accosted." The defendant in the foregoing case was likewise a " Jehovah."

The appellant was not represented by counsel in the trial court but the record reveals to me that he conducted the cross-examination in such a manner as to bring the case squarely within the rulings of the highest courts of the State.

The conduct complained of must be more than bad manners, it must be substantial. (*People* v. *Nixon, supra*).

Here the People have proven no more than a private annoyance.

It has been suggested that defendant may well have spent his working time more worthily in behalf of the country's welfare in this emergency, but that is a matter for other authorities than this court.

In view of the holdings by the highest court of this State, I am unable to find that defendant's conduct constituted the offense of disorderly conduct and am constrained to reverse the judgment of the lower court and dismiss the information.