The People of the State of New York, Plaintiff, *v.* James J. Tobin and Louis Gentile, Defendants.

City Magistrate's Court of New York, Borough of Manhattan, Lower Manhattan Court, March 25, 1947.

*Raphael P. Koenig* for Samuel Miller, complainant.

*Abraham Epstein* for defendants.

Mahoney, M. The complaint of disorderly conduct charges that, with intent to provoke a breach of the peace, and under circumstances whereby a breach of the peace might be occasioned, the defendants, to the great annoyance of the management and employees of the said premises (in front of premises at the northwest corner of 42nd Street and Lexington Avenue, in the county of New York, known as Nedick's), interfered with and disturbed the conduct of the business thereat; that the said defendants, together with others, unlawfully paraded in front of the said location, bearing placards and signs reading as follows: " Please, we are self-employed veterans. We fought the war of aggression. Now we are fighting a war of monopoly. Rowe Cigarette Machine Company is a Director of a cigarette machine monopoly that is forcing us out of business by unfair practices. We stand for democratic free enterprise. Nedick's has a Rowe machine on the premises.''

The People's witnesses were an official and a store manager of Nedick's restaurant at the above location. It is admitted that the pickets were at the premises and carried the placards; that there is no strike or labor dispute at the premises or with Nedick's. Nedick's manager testified as to a conversation with one J. Tobin, not the defendant, respecting a cigarette manual vending machine, known as the Rowe Machine, in that premises; and that while the pickets were in front of the premises business thinned out.

An official of Nedick's testified to the receipt of a typewritten letter, including the signatures, which is set out below, and for convenience called the Tobin letter.

The defendants did not testify. The only witness for them was the aforesaid J. Tobin, who gave his business as "Cigarette vending machines," and who identified the letter mentioned above, and acknowledged authorization of the use of his name on it. The Tobin letter explains the purpose of the picketing, and is therefore set out in full. He testified he had a conversation with the manager of Nedick's to the effect that the premises would be picketed unless the Rowe manual cigarette vending machine was removed or turned to the wall; and that on March 19, 1947, when he arrived and found the machine still in operation there, had the pickets begin their activity; and that he had the permission of the Police Department to do so. It is uncertain whether the Police Legal Bureau or the Precinct Captain gave the alleged permission.

The letter follows:

"6211 Eighth Avenue
Brooklyn, N. Y.

March 10, 1947

To THE MANAGEMENT.

GENTLEMEN:

The Rowe Cigarette Vending Machine Company, belong to a combine, that is known as The Cigarette Merchandizing Association of 101 Park Avenue, New York City. This Combine is attempting to prevent us from placing our Electric Cigarette Machines in competition with their manual machines.

Their method is to picket any location in which we place a machine. They use the Confectioner & Tobacco Handlers Union, letterheads to write and inform locations that we are not union servicemen. We belong to Local 254 of the Cio.

Therefore in retaliation it is our intention to place pickets at each location of theirs, our signs will read that we are veterans

(one a veteran amputee) being deprived of a living by reason of their activities.

While it is not our intention to try and hinder your business, we find that we must protect ourselves by placing pickets in front of any store using their machines.

> Very truly yours,
> J. Tobin
> P. Byrnes
> J. McCullough
> A. Harrison ''

There was no testimony as to the method of the alleged picketing, by the methods of the Confectioners and Tobacco Handlers Union. Whether there was a labor dispute at any location having a Tobin electric cigarette vending machine has not been proven. The sole explanation for the picketing by the defendants in this case is that contained in the above letter: '' in retaliation it is our intention to place pickets at each location of theirs,'' etc.

The People contend that the defendants were engaged in an illegal secondary boycott, which was not part of any labor dispute, citing *People* v. *Fleishman* (36 N. Y. S. 2d 559), *People* v. *Bellows* (281 N. Y. 67), *People* v. *Muller* (286 N. Y. 281) and *Goldfinger* v. *Feintuch* (276 N. Y. 281); and that if the question of freedom of speech under the Fourteenth Amendment to the United States Constitution is involved, such constitutional right is not absolute, and is subject to such reasonable regulations as are necessary to promote and preserve the public peace (*Near* v. *Minnesota,* 283 U. S. 697; *Stromberg* v. *California,* 283 U. S. 359; *Whitney* v. *California,* 274 U. S. 357; *Patterson* v. *Colorado,* 205 U. S. 454; *Thornhill* v. *Alabama,* 310 U. S. 88; *Carpenters Union* v. *Ritter's Cafe,* 315 U. S. 722; *Cafeteria Union* v. *Angelos,* 320 U. S. 293; *Bakery Drivers Local* v. *Wohl,* 315 U. S. 769).

The defendants seek dismissal of the complaint on the ground that in this case there was mere picketing without violence, disorder, or other form of impropriety (*Lo Bianco* v. *Holt,* 189 Misc. 113); that picketing is an expression of a grievance, and under the Fourteenth Amendment is guaranteed to all individuals, and is not dependent upon a person's being a member of a labor union or other group (*Cafeteria Union* v. *Angelos, supra; American Federation of Labor* v. *Swing,* 312 U. S. 321; *People* v. *Muller, supra; Cantwell* v. *Connecticut,* 310 U. S. 296; *People* v. *Monnier,* 280 N. Y. 77;

*People* v. *Reid,* 180 Misc. 289; *Exchange Bakery & Restaurant, Inc.,* v. *Rifkin,* 245 N. Y. 260).

It must be noted that in all cases cited except one, the question involved in the picketing concerns some form of labor claim. The one exception concerns an expression of views as to a religious sect.

In the case at bar, the conclusion to be drawn from the testimony and evidence is that the picketing here is a maneuver in a trade war between two entrepreneurs of cigarette vending machines. No labor dispute or question of freedom of speech is involved. It has not even been urged that the defendants themselves, the pickets, are interested, or have suffered in any way by reason of the use of the particular cigarette vending machine by Nedick's. The picketing is characterized by the Tobin letter as retaliation for other unexplained and undescribed picketing.

This picketing upon a public street has resulted in interference with and damage to Nedick's business, and therefore constitutes disorderly conduct under subdivision 2 of section 722 of the Penal Law, (*People* v. *Fleishman,* 36 N. Y. S. 2d 559, *supra; People v. Bellows,* 281 N. Y. 67, *supra*).

The motion to dismiss the complaint is therefore denied, and the defendants are found guilty.