THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
JAMES L. SCHULTZ, Appellant.

Argued October 2, 1950; decided November 30, 1950.

*William J. Gregg* for appellant. The information is insufficient by reason of failure to inform defendant of the nature of the charge against him, of acts constituting it, to enable him to prepare for trial or prevent him from again being tried for the same offense. (*People* v. *Zambounis,* 251 N. Y. 94; *People* v. *Grogan,* 260 N. Y. 138; *People ex rel. Allen* v. *Hagan,* 170 N. Y. 46; *People* v. *Olmsted,* 74 Hun 323; *People* v. *Pillion,* 78 Hun 74; *United States* v. *Hess,* 124 U. S. 483; *People* v. *Albow,* 140 N. Y. 130; *People* v. *Wacke,* 77 Misc. 196.)

*Clare J. Hoyt, District Attorney* (*Abraham Isseks* of counsel), for respondent. The information was sufficient to charge defendant with disorderly conduct in violation of subdivisions 1 and 2 of section 722 of the Penal Law. (*People* v. *Grogan,* 260 N. Y. 138; *People* v. *Strope,* 151 Misc. 580; *People* v. *La Face,* 148 Misc. 238; *People* v. *Payne,* 71 Misc. 72; *People* v. *Huyck,* 171 Misc. 467; *People* v. *Hipple,* 263 N. Y. 242.)

Lewis, J. By a judgment rendered in a Justice's Court of the Town of Deerpark, Orange County, the defendant stands convicted of disorderly conduct in violation of subdivisions 1 and 2 of section 722 of the Penal Law. Insofar as material to our inquiry that statute provides:

"Any person who with intent to provoke a breach of the peace, or whereby a breach of the peace may be occasioned, commits any of the following acts shall be deemed to have committed the offense of disorderly conduct:

" 1. Uses offensive, disorderly, threatening, abusive or insulting language, conduct or behavior;

" 2. Acts in such a manner as to annoy, disturb, interfere with, obstruct, or be offensive to others  *   *   *."

By appropriate motions made at the opening of the trial and at the close of all the evidence the defendant challenged the legal sufficiency of the information upon which he was later convicted. His exception taken to the denial of those motions preserved his right to prosecute this appeal.

The information thus challenged accuses the defendant of having conducted himself in a manner unlawful, disorderly and **offensive** which annoyed and interfered with the " peace &

normal pursuit of happiness, peace of mind of a considerable number of families and children of the Hamlet of Huguenot, N. Y. · * * * '' in that he '' * * * did continually hang around the said Hamlet * * * picking up young boys and girls against the wishes & consent of the parents, and did use vile & indecent language towards others in presence of minors * * *.'' The places where it is charged those acts occurred are stated to be '' at the Hamlet of Huguenot, in the Town of Deerpark, County of Orange, N. Y.'' The times when it is charged those acts were committed are stated to have been '' on the diverse days of (Between) July 11 to July 29, 1949 * * * at about divers hours o'clock in the after & forenoon of said day * * * all hours of the night & early morning ''.

Upon the law applicable to the problem here presented this court has had occasion to say: '' An information must set forth the acts constituting the crime with the same clarity as an indictment. * * * The defendant should be informed of the nature of the charge against him and of the act constituting it, not only to enable him to prepare for trial, but also to prevent him from again being tried for the same offense. * * * The requirement that an indictment and an information must state the crime with which a defendant is charged, and the particular acts constituting that crime is more than a technicality; it is a fundamental, a basic principle of justice and fair dealing, as well as a rule of law.'' (*People* v. *Zambounis*, 251 N. Y. 94, 96, 97; and see *People* v. *Grogan*, 260 N. Y. 138, 142.)

Lacking, as does the information before us, a statement of reasonable exactitude as to when and where the acts were committed with which the defendant is charged, and in the absence of a statement that such acts were committed in a place where it tended to a breach of the public peace, we regard the information as legally insufficient. (See *People* v. *Monnier*, 280 N. Y. 77, 78–79; *People* v. *McCauliff*, 267 N. Y. 581, 582; *People* v. *Perry*, 265 N. Y. 362, 364; *People* v. *Chesnick*, 302 N. Y. 58, decided herewith.)

The judgments should be reversed and the information dismissed.

Loughran, Ch. J., Conway, Desmond, Dye, Fuld and Froessel, JJ., concur.

Judgments reversed, etc.