Desmond, J.
(dissenting). This information was not used to secure the issuance of a warrant of arrest but was a pleading-type. information only. As such its function was merely to inform defendant of the charge and prevent her from being tried again for the same offense (People, v. Schultz, 301 N. Y. 495; People v. Belcher, 302 N. Y. 529, 534). Therefore, the rules (People v. Bertram, 302 N. Y. 526) as to sufficiency of an information to support a warrant of arrest are irrelevant here.
*488 It seems to me that we are imposing, one hy one and without any statutory authority, a whole series of new and unnecessary requirements for pleading-type informations. Having held that they must be in writing (People v. Jacoby, 304 N. Y. 33), we went on to require a sworn writing (People v. Scott, 3 N Y 2d 148) and now say that the sources of the pleader’s information and belief must be in the information or in depositions physically attached to the information. Because in this case the depositions were not so attached although produced in court at the opening of the trial, we are dismissing the charge. I see no ground or purpose for such a holding.
The judgment should be affirmed.
Chief Judge Conway and Judges Fuld and Van Voobhis concur with Judge Fboessel; Judge Desmond dissents in an opinion in which Judges Dye and Bueke concur.
Judgment reversed, etc.