Robert O. Brink, J.
The above-named defendants have appealed from a conviction in the City Court of Binghamton on a charge of disorderly conduct in violation of section 720 of the Penal Law of the State of New York, a misdemeanor, following a jury trial held on the 13th day of August, 1957. The jury found the defendants guilty as charged and on August 14, 1957, Honorable Robert J. Ryan, Special City Judge of Binghamton, imposed a sentence fining each defendant $25 and further sentenced each defendant to one year in the Onondaga County Penitentiary, but withheld the execution of the jail sentence as to each defendant during good behavior.
The information charged both defendants jointly with offensive and disorderly acts alleging that between or about June 7, 1957 and June 15, 1957 each and every morning about 7:00 a.m. and every evening between 6:00 p.m. and 7:00 p.m. on, the days aforesaid, the defendants willfully and unnecessarily banged the top of their garbage can against a garbage can for periods of 10 minutes at a time under and near a bedroom window of the informant’s home, thereby seriously disturbing the informant and the members of his family; also, that the' defendants did during this time on three separate occasions at about 10:00 p.m. to 10:30 p.m. shine a high-powered battery light into the windows of the informant’s home and that all said acts, were done to provoke a, breach of the peace on a public street.
The information alleges specific acts intended to annoy and disturb a neighbor. There is a serious question if the information contains sufficient allegations to allege a violation of section 720 of the Penal Law. There is no reference in the information as to where the acts took place. Other facts would have to be present before it could be said that the shining of a flashlight into a window constitutes a violation of this section. If a person committed such an act while on his own property, the act might be considered unlawful and a trespass, but it could not be considered a public breach of the peace or an act likely to cause a breach of the peace.
The rattling of garbage cans might constitute a breach of the peace, if the noise was sufficient to annoy the neighborhood or people on the street or if the act itself were committed on the street or any public place. Again the additional facts necessary to establish a breach of the peace or a possible breach of the peace are not alleged.
The proof on the trial established that the defendants at the time of their alleged misconduct were standing in their own driveway.
*302 “ [I]n order to constitute an offense [violation of section 720 of the Penal Law], the acts committed or the language used must have been committed or used in a public place.” (People v. Whitman, 178 App. Div. 193, 194.)
A man asleep in his truck, parked in a private driveway, cannot be considered intoxicated in a public place. (People v. Hook, 3 N Y 2d 485.)
Furthermore, much of the evidence offered by the prosecution does not meet the test required to convict a defendant of a criminal offense. In several instances, witnesses who testified as to alleged disorderly acts committed by the defendants, did not specify which defendant committed the acts, but referred to both defendants as ‘ ‘ they ’ ’. In one instance, testimony was offered that the child of one of the defendants operated a flashlight in the presence of the defendants without proof that such act was directed or participated in by either of the defendants.
The trial court erred in instructing the jury on a request to charge by including in his remarks, the following: “ On the verdict here, there are two defendants who are jointly charged. If you find one guilty, you will have to find both guilty; ” and again, ‘ If they find, as evidence was introduced, that the boy was directed by either one of the defendants, if he was directed, then they may find both defendants guilty.”
Of course, where two defendants are tried jointly, the jury may convict them both, acquit them both, or find either one guilty and the other not guilty. Undoubtedly, the court in the full context of his remarks, was attempting to advise the jury, that any person who aided and abetted another in the commission of a crime, was equally guilty, nevertheless, by the use of the language employed, the court could have confused the jury into believing that, if they found one defendant guilty, it would be necessary for them to find both defendants guilty. This error in itself would necessitate a reversal in this case.
By reason of the insufficiency of the information, the inadequacy of the proof and errors of the Trial Judge, the judgment of conviction should be reversed, the information should be dismissed and the defendants discharged. Order may be submitted accordingly.