Milton A. Wiltse, J.
The defendant was convicted of disorderly conduct, in violation of section 720 of the Penal Law, upon a plea of guilty before the Honorable Frank E. Smith, Justice of the Peace, of the Town of Brownville, on March 12, 1960. Judgment was entered on that date, and the defendant has appealed.
In substance, the defendant alleges that the information did not properly charge the crime for which he was convicted, and that it was jurisdictionally defective.
Pertinent portions of the information read as follows: “ That one Francis Dawson, on the 12th day of March, 1960, at the Dawson Home, in the Town of Brownville, County of Jefferson, N. Y., at about 8:00 o’clock in the forenoon of said day, did commit the crime of Disorderly Conduct, Viol Sec. 720 of the Penal Law, State 1ST. Y. against the person or property of Anna Dawson by wrongfully, unlawfully, willfully, corruptly, falsely, maliciously and knowingly did slap me in the face, pulled my hair and hit me in the back with his stub arm, without just cause or provocation.”
The term “ any place” has been held to mean any public place, and to exclude private home of complainant. (People v. Douglas, 29 N. Y. S. 2d 206.)
In People v. Trumble (147 Misc. 727) it was stated that the use of offensive language on one’s own premises does not constitute a violation of section 720 unless that person communicates it to the public; for example, shouts of offensive language from a window on a public street, and thus annoys and disturbs some person or persons who are within hearing of the voice.
Obviously, the information here sets forth that any acts or conduct that took place were in the home of the complainant. It does not allege that the occurrences were within the sight or the hearing of any person or persons other than the defendant and the complainant.
The information must be sufficient alone, without resort to testimony or record of evidence, to inform defendant of the nature of the charge against him and of the act constituting it, not only to enable him to prepare for the trial but also to prevent him from again being tried for the same offense. (People v. Zambounis, 251 N. Y. 94.) The information must set out the acts constituting the crime with the same clarity as an indictment; it must state the offense and the act constituting the offense. (People v. Grogan, 260 N. Y. 138.)
*104 Applying these tests to the information in the instant matter, it appears that the information does not properly charge disorderly conduct in violation of section 720 of the Penal Law.
The acts set forth in the information describing the defendant’s conduct do tend, to some extent, to allege assault in the third degree. However, even if acts constituting assault in the third degree had been clearly set forth, it would not have excused, under the circumstances here, the misnomer of the section of the Penal Law charged. It was possible to name the crime constituting an alleged violation of whatever section was sought to be charged and the acts constituting it. (Cases above cited and People v. Jacoby, 304 N. Y. 33.)
Under the record here, it is concluded that the information should be held insufficient to charge the crime of which the defendant was convicted. This creates a jurisdictional defect. The conviction of the defendant was a nullity notwithstanding the plea of guilty.
The judgment of conviction should be reversed, the information dismissed, and the defendant discharged. An order to that effect may be submitted.