William E. J. Connor, J.
Early in the morning of December 7, 1959, the defendant and his wife and child were in a parked car in the Town of Claverack on Route 23 about two miles east of the intersection of Route 9H and Route 23. This particular area is neither a village nor a hamlet. It is open country near no houses. There were no other cars about and no people were congregated, aside from the defendant’s own family in his automobile. A car with two State troopers in it came along and after some discussion, the defendant, for one reason or another, was struck by one of the State troopers, either with an object or with the hand and arm of the trooper which was encased in some kind of a cast, the exact type of cast being unknown, since in a trial that followed before a Justice of the Peace the District Attorney objected to a description of the type of cast and his objection was sustained by the court.. After striking the defendant to such an extent that when he arrived at the police station he was covered with blood to the extent that other members of the State constabulary at the station had to assist him in cleaning up the blood, the defendant was placed *1097 under arrest, taken to the police station where the same State trooper again struck him in the face. He was then taken before a Justice of the Peace not in the town in which he was arrested, and there charged with disorderly conduct and public intoxication. All the circumstances surrounding his arrest would indicate that his arrest and arraignment were brought about to protect the arresting officer rather than the protection of the public at large.
Both of the crimes of which the defendant was found guilty are crimes against the general public and one of the necessary ingredients of both the charge of public intoxication and disorderly conduct is that the public must be disturbed. Without proof of such there is no violation. Since the crimes of which the defendant has been convicted, if they occurred, occurred in an isolated area with no persons or houses around it, the defendant could not be guilty of either such charge. (People v. Hook, 3 N Y 2d 485; People v. Huyck, 171 Misc. 467; People v. Perry, 265 N. Y. 362.)
The judgments of conviction are reversed.