■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. OWEN VEST, Appellant.— Judgment of conviction unanimously reversed on the law and facts, and a new trial granted. Memorandum: The defendant has been convicted of assault, second degree, in violation of subdivision 5 of section 242 of the Penal Law. An altercation arose between defendant and two police officers in connection with the efforts of the latter to have defendant move his automobile. After this had been accomplished, the officers returned to their car and were followed by defendant. The patrolmen were sitting alone in their car with no other persons near when it is claimed defendant addressed vile and insulting words to one of the officers, who announced that defendant was under arrest. In the ensuing fracas it is contended the assault was committed. The court correctly instructed the jury "that the arrests were not lawful arrests, unless you find that the defendant Vest had committed disorderly conduct." The statutory definition of the latter offense was given to the jury. (Penal Law, § 722, subd. 2.) There was a proper instruction that proof of lawful arrest was required. Finally, in response to a request, the court charged that the use of the offensive, insulting language was not sufficient to constitute the offense without proof that it annoyed or disturbed others. Upon the present record there was no evidence from which a finding could be made that the acts of appellant could reasonably be held to have been done "with intent to provoke a breach of the peace, or whereby a breach of the peace [might] be occasioned" so as to have constituted the offense of disorderly conduct (cf. *People* v. *Perry*, 265 N. Y. 362, 364). "The conduct charged must at least be such that a breach of the peace has become imminent or might reasonably be expected or intended to flow from such conduct." (*People* v. *Monnier*, 280 N. Y. 77, 79.) (Appeal from judgment of Ontario County Court convicting defendant of the crime of assault, second degree.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.