Francis J. Donovan, J.
Defendant is charged with a violation of section 722 of the Penal Law. The charge embraces subdivisions 1, 2 and 3 of the statute. Defendant moves to dismiss at the close of the People’s case.
The basic, or central facts, which I find to have been proven beyond a reasonable doubt are as follows:
On the morning in question a strike was in progress at the Sperry Plant in the Village of Lake Success. Defendant’s acts took place on private property forming part of the premises of the plant in the immediate vicinity of an entrance gate and driveway giving access to the plant from Marcus Avenue, a public highway. When the police officers came on the scene they found two to three hundred persons milling about the general area, both in the driveway and along a grassy plot which abutted Marcus Avenue. About 100 persons were in the driveway area blocking the gate.
The initial police action was a wedge formation with locked arms. The apex of the wedge was directed toward the plant, and its wings were extended to occupy the width of the driveway.
This police action I find not only reasonable but necessary.
At that time, there was no orderly picketing. The plant was under siege, and the police officers were in the proper exercise of their duty to preserve order by taking prompt, efficient action to relieve the siege and restore order. (Exchange Bakery & Restaurant v. Rifkin, 245 N. Y. 260.)
Defendant refused to move back when ordered by the police, and was pressing against the iwedge and using insulting, offensive and provocative language toward the police, and was encouraging others by word and act to break the police line. Thereafter — either by his own efforts, or aided by the press of others in the crowd — he did break through the wedge, and the police line was disrupted. He was thereupon arrested.
The proof is insufficient to make out a violation of subdivision 3, since the action did not take place on the public street, but a violation of subdivisions 1 and 2 has been proven.
Defendant was under a clear duty to withdraw in response to the police order, despite the fact that he was not on the public street. (People v. Hipple, 263 N. Y. 242.)
Public in nature does not necessarily mean on a public street. The distinction is clearly made between a private fight and a public fight as a matter of ancient common law in People v. *405 Perry (265 N. Y. 362). Where the conduct occurs in a secluded, private place, remote from the eyes and ears of the public, there is no disorderly conduct. People v. Dawson (23 Misc 2d 102) ; People v. Krull (18 Misc 2d 1027) and People v. Chase (13 Misc 2d 300), cited by defendant, do no more than apply the latter principle.
Such cases are not applicable where, as here, the acts complained of took place in an open area on premises not owned or occupied by defendant, adjacent to a public road, and in the immediate presence of large numbers of civilians and police.
What is meant by “ public in nature,” as that term is used in the cases, is that the conduct must be open or exposed to the public so as to immediately affect some segment of the public or community. Conduct which is out of sight and earshot of other members of the public and committed in privacy or seclusion is not “ public in nature.” Defendant’s conduct here was about as public as conduct can be.
Defendant’s refusal to move back, and his resistance by word and act, under the volatile conditions prevailing at the scene, clearly occasioned a breach of the peace and placed himself, others in the immediate area, and the police officers, in jeopardy.
It is not necessary at this time to decide the question, but it may well be that the disorderly condition of the milling mob at the gate before the interposition of the police wedge was in itself sufficient to support a charge of disorderly conduct as against defendant and all others participating. (Exchange Bakery & Restaurant v. Rifkin, supra.) The blocking of access to the plant by a milling mob is neither orderly nor peaceful picketing. Such action occasions breaches of the peace, and without timely and effective police action, will most certainly lead to assault and molestation of person and property. Motion denied.