The defendant, while in his own home, telephoned the female complaining witnesses and applied to them, in the privacy of their homes, obscene language. He was found guilty, in a trial to the court, on three counts of disorderly conduct in violation of § 53-175 of the General Statutes, which provides: "Any person who, by offensive or disorderly conduct, annoys or interferes with any person in any place . . . shall be" punished. The principal question raised on this appeal turns on the construction to be given to the words "in any place" as used in the statute.
Disorderly conduct was not an offense at common law. Lewis v. Commonwealth, 184 Va. 69; People
v. Galpern, 259 N.Y. 279, 283; 17 Am. Jur. 187. It is punishable as a separate and distinct offense by statute. The place of the commission of the alleged act is an element of the offense. 27 C.J.S. 513. There are differences in the literal purport of the term "in any place." "Under most statutes the conduct, to be disorderly, must take place in a `public place,' and where the statute uses `any place' it will be construed to refer to `any public place.' A public place is one which members of the public use or attend for reasons of business, entertainment, instruction or the like. . . . One's own home is not a public place . . . ." 3 Underhill, Criminal Evidence *Page 432 
(5th Ed.) § 850, p. 1914. "The term `any place' has been held to mean any public place, and to exclude the private home of complainant." People v. Dawson,23 Misc.2d 102 (N.Y.); 27 C.J.S. 513, n. 60. The courts of New York, in a long line of decisions where guilt of disorderly conduct has been predicated on the fact that the defendant's misconduct occurred in a private dwelling or in a locale where no members of the public were present, have reversed convictions of this type on the ground that it is statutorily impossible to commit disorderly conduct in private. See, for example, People v. Chesnick,302 N.Y. 58 (shouting in private dwelling); People v.Monnier, 208 N.Y. 77 (abusive language in the course of a telephone conversation); People v.Oczko, 272 N.Y. 604 (assault by intoxicated defendant on his wife in their own home); People v. McCauliff,267 N.Y. 581 (assault by defendant on his wife in the home, and use of vile epithets); People
v. Perry, 265 N.Y. 362 (fight among three defendants in a secluded restaurant where no members of the public were present); People v. Dalton,
121 N.Y.S.2d 915 (disturbance in private residence);People v. Guthrie, 26 N.Y.S.2d 289 (use of offensive language within confines of private residence);People v. Trumble, 147 Misc. 727 (offensive language on one's own premises). Courts of review in Illinois, Georgia, Louisiana and New Jersey have also held that acts charged as disorderly conduct must be public in character and such as actually tend to disturb the public peace and quiet. Chicago
v. Murray, 333 Ill. App. 233; Williams v. Valdosta,47 Ga. App. 810; Shreveport v. Price, 142 La. 936;Zecca v. Smith, 5 N.J. Misc. 1044.
Of the miscellany of decisions on the precise question of disorderly conduct by telephonic communication,People v. Monnier, supra, is the leading case. There, the defendant telephoned the complaining *Page 433 
witness at her office and applied to her certain foul epithets which were overheard by a telephone operator employed by an answering service. The prosecution claimed on appeal that "whatever limitations the Perry case [People v. Perry, 265 N.Y. 362] may have imposed upon disturbances in private places as constituting disorderly conduct, those limitations cannot be invoked to protect the defendant from merited prosecution, since there was an innocent complainant and a perturbed and offended witness," and further that in People v. Daly, 154 Misc. 149, decided after the Perry case, "abusive and threatening language over the telephone was held to constitute disorderly conduct, even though not heard by anyone but the complaining witness." Rec. Briefs (N.Y.) p. 9. The New York Court of Appeals rejected these arguments and held (two judges dissenting, without opinion) that the defendant's acts did not constitute disorderly conduct. The court said (p. 78): "Since the decision in People v. Perry
[supra], it has been settled that acts charged as disorderly conduct must be public in character, and such as actually tend to disturb the public peace and quiet. If the defendant had uttered the words charged to her in the privacy of the office of the complainant, no one else being present, defendant would not have committed the offense of disorderly conduct." In State v. Gist, 237 S.C. 262, the defendant was charged in sixty-six warrants with disorderly conduct by using obscene language on the telephone to a female. Judgment of guilty in all sixty-six cases was reversed and set aside as not coming within the South Carolina disorderly conduct state.
On the other hand, in Allison v. State,240 Ind. 556, a conviction under similar circumstances was sustained under the provisions of the Indiana statute (Ind. Ann. Stat. § 10-1511 [Burns Sup. 1959]) making indecent language by telephone a specific *Page 434 
offense. And in Commonwealth v. Mochan, 177 Pa. Super. 454, where the defendant on numerous occasions used on the telephone obscene language directed to a married woman, the court said (p. 457): "It is of little importance that there is no precedent in our reports which decides the precise question here involved. The test is not whether precedents can be found in the books but whether the alleged crimes could have been prosecuted and the offenders punished under the common law" and held (two judges dissenting) that "the factual charges in the body of the indictments identify the offense as a common law misdemeanor." See dissenting opinion of Woodside, J. (p. 461) ("Until the legislature says what the defendant did is a crime, I think the courts should not declare it to be such").
We are not unmindful of the reprehensible conduct of the defendant. From an examination of the authorities in other jurisdictions and in the absence of local controlling authority, we are constrained to follow the New York Court of Appeals in People v.Monnier, supra, especially where, as in the case at bar, only the parties immediately concerned were disturbed by the defendant's conduct. See Garvin
v. Waynesboro, 15 Ga. App. 633.
 There is error, the judgment is set aside and the case is remanded with direction to render judgment that the defendant is not guilty and ordering that he be discharged.
In this opinion KINMONTH and GEORGE, Js., concurred.