OPINION OF THE COURT
Daniel C. Wilson, J.
The above-named defendants have been charged with a violation of section 21-3 of article 21 of the Code of Ordinances of the City of Rome, New York, which reads as follows: "Sec. 21-3. Disorderly Conduct. It shall be unlawful for any person to make, aid, countenance or assist in making any disturbance, or improper diversion, or to behave in a disorderly manner in the streets, in any public or private premises, or elsewhere in the City, to the annoyance or disturbance of citizens or travelers. (Ord. No. 1, 1-20-08; Ord. No. 1759, 4/14/ 54; Ord. No. 2962, 4/17/63)”.
The informations filed against both defendants stated in substance as follows: "The said defendant * * * did behave in *954 a disorderly manner in a private premises to the annoyance and disturbance of citizens. To wit: On the above date and time said defendant was fighting with other persons in an upstairs apartment at 419 West Dominick Street. Also the defendant did use loud and obscene language in the apartment to the annoyance of other persons residing in the apartment house causing them to congregate in the hall.”
Motions to dismiss the informations herein have been made by the defendants under CPL 170.35 (subd 1, par [c]) in that it is alleged that the informations are defective within the meaning of CPL 170.30 (subd 1, par [a]) because the ordinance defining the offense charged is unconstitutional or otherwise invalid. The Corporation Counsel of the City of Rome, representing the People of the State of New York, concedes that a serious question exists as to the validity of the ordinance, and has not opposed the motion to dismiss.
The primary issue before the court is whether the City of Rome has the power to regulate disorderly conduct in a more restrictive fashion than the pertinent Penal Law section.
Section 240.20 of the Penal Law refers to "with intent to cause public inconvenience”. An act under this section must be committed with intent to provoke a breach of the peace or in such a manner that thereby a breach of the peace may be occasioned. The Court of Appeals has stated that: "acts charged as disorderly conduct must be public in character, and such as actually tend to disturb the public peace and quiet * * * The conduct charged must be at least such that a breach of the peace has become imminent or might reasonably be expected or intended to flow from such conduct.” (People v Monnier, 280 NY 77, 78-79.) To be guilty of disorderly conduct it is not essential that there be an actual breach of the peace, the test is whether the defendant’s conduct under the circumstances led to or was likely to lead to disorder or public disturbance. (People v Ithaca Sav. Bank, 59 Misc 2d 128.)
The "home rule” provision of the New York State Constitution provides that: "[E]very local government shall have the power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to the following subjects, whether or not they relate to the property, affairs or government of such local government * * * (10) [t]he government, protection, order, conduct, safety, health and well-being of persons or property therein.” (NY Const, art IX, § 2, subd [c], par [ii], cl [10].)
*955 In addition, the Municipal Home Rule Law by statute adopts the constitutional grant by stating the city’s power to pass a local law regulating: "The government, protection, order, conduct, safety, health and well-being of persons or property therein.” (Municipal Home Rule Law, § 10, subd 1, par [ii], cl a, subcl [12].) The General City Law specifically grants this power to a city in enumerating the power: "To maintain order, enforce the laws, protect property and preserve and care for the safety, health, comfort and general welfare of the inhabitants of the city and visitors thereto”. (General City Law, § 20, subd 13.)
Subdivision 15 of section 25 of the Rome City Charter states the police powers of the city by reiterating the identical wording of subdivision 13 of section 20 of the General City Law. Furthermore, the Rome City Charter in subdivision 37 of section 25 paraphrases subdivision 22 of section 20 of the General City Law in stating the power: "To regulate by ordinance any matters within the powers of the city, and to provide for the enforcement of ordinances by legal proceedings to compel compliance therewith, and by penalties, forfeitures and imprisonment to punish violations thereof.”
The above provisions demonstrate that the City of Rome has been given the basic grant by the State Constitution and State statutes to enact penal ordinances within their power, provided the field has not been pre-empted. Where the State has acted upon a subject and, in so acting, has evidenced a desire that its general laws should pre-empt the possibility of varying local laws, a local enactment may be said to be inconsistent with the State law because it prohibits that which has been found acceptable under State law (People v Cook, 34 NY2d 100, 109; People v Lewis, 295 NY 42; Matter of Kress & Co. v Department of Health of City of N. Y., 283 NY 55, 59; Zumbo v Town of Farmington, 60 AD2d 350, 354; Wholesale Laundry Bd. of Trade v City of New York, 17 AD2d 327, affd 12 NY2d 998).
On examination of the Rome code’s disorderly conduct section, it becomes evident that in making unlawful disturbances in private premises, which are clearly not proscribed by the State statute on disorderly conduct that the ordinance does prohibit that which is not proscribed by State law which has pre-empted the field.
Therefore, section 21-3 of the Rome Code of Ordinances is contrary to section 240.20 of the Penal Law of the State of *956 New York and is unconstitutional under the "home rule” provisions of the State Constitution.
The informations herein are dismissed and the defendants are released.