■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FAYE JOHNSON, Appellant.—Judgment affirmed. Memorandum: Since the bail process had not been completed, the desk officer properly exercised his discretion in not releasing defendant based upon defendant's belligerent and insolent behavior. Additionally, the evidence amply supports defendant's conviction of second degree assault (Penal Law § 120.05 [3]). The police officer who was injured was performing a lawful duty *(see, People ex rel. Gray v Tekben,* 86 AD2d 176, *affd* 57 NY2d 651). The evidence viewed in the light most favorable to the People *(see, People v Kennedy,* 47 NY2d 196, 203) supported the verdict *(see, People v Allah,* 126 AD2d 778, 780, *lv denied* 69 NY2d 876; *People v Johnson,* 115 AD2d 330; *People v Early,* 85 AD2d 752). We find that defendant's remaining contention lacks merit.

All concur, except Balio, J., who dissents and votes to reverse the judgment, in the following memorandum.

Balio, J. (dissenting). The majority's conclusion that prearraignment bail procedures had not been completed conflicts with the uncontroverted facts adduced at trial and contravenes the unambiguous requirements of CPL 150.30. I must, therefore, respectfully dissent.

Defendant was arrested for harassment and was taken to the Public Safety Building in Rochester for processing. While she was in the custody of Deputy Sheriffs for processing, the desk officer in charge at the Public Safety Building set prearraignment bail in the amount of $100, and a friend of the defendant posted that sum as cash bail. Defendant was then taken before the desk officer and when she became argumentative and stated that she did not intend to appear in court, the desk officer handcuffed her, told her that he was revoking bail, and directed that she be incarcerated. While several

Deputies were attempting to place defendant in her cell, she struck one of the Deputies. Defendant was indicted on two counts of assault in the second degree, but only the count charging intentional interference with the Deputy's lawful duties (Penal Law § 120.05 [3]) was submitted to the jury.

The prearraignment bail procedure set forth in CPL 150.30 contemplates a three-step process. First, the desk officer must determine whether to fix bail and, if the officer decides to do so, determine the amount. Second, bail must be posted and accepted by the officer. Once prearraignment bail has been posted, the desk officer (or other superior officer) *must* issue an appearance ticket to the arrested person, deliver a bail receipt and release such person from custody (CPL 150.30 [1] [prior to Nov. 1, 1986], now subd [2]). The trial court properly instructed the jury that if the prerequisites of section 150.30 were met, the defendant was entitled to be released; that the desk officer had no authority to revoke bail; and that if the defendant was entitled to be released, the Deputies were not performing a lawful duty at the time of the incident and the jury was required to find defendant not guilty. The court erred, however, by submitting to the jury as a factual issue whether the statutory prerequisites had been met. The desk officer testified that he accepted the cash bail posted by defendant's friend before defendant came before him, and no evidence was submitted to the contrary. There was, therefore, no factual dispute that bail had been posted and that the desk officer was required to release the defendant from custody pending her arraignment on the harassment charge.

Because defendant was unlawfully detained at the time she struck the Deputy, the People failed to prove that the Deputies were performing a lawful duty at the time of the altercation, and the conviction must be reversed *(see, People v Vest,* 11 AD2d 1080).

In addition to my disagreement with the majority on the interpretation of CPL 150.30, I cannot agree with the conclusion that the proof was sufficient to support the jury's verdict. The majority fails to indicate what part of the bail process had not been completed. This failure is not without importance as the trial court, in its instructions to the jury, also failed to define what constitutes the fixing and posting of prearraignment bail. One cannot discern what the trial court considered the statutory requirements to be or what the jury found the facts to be, and thus, it is impossible to decipher what the majority now views as legally sufficient evidence.

I agree with the majority that defendant's remaining con-

tention lacks merit. (Appeal from judgment of Supreme Court, Monroe County, Reed, J.—assault, second degree.) Present—Dillon, P. J., Green, Pine, Balio and Lawton, JJ.