John Lo Bianco et al., Individually and as Copartners Doing Business under the Name of Northshore Cigarette Service Co., Plaintiffs, *v.* Milton Holt, as President of Confectionery & Tobacco Jobbers Employees Union Local 1175, A. F. of L., et al., Defendants.

Supreme Court, Special Term, Queens County, February 19, 1947.

*Charles S. Belden* for plaintiffs.

*Louis P. Goldberg* for defendants.

Froessel, J. The plaintiffs are copartners engaged in the cigarette vending business. They place their vending machines in stores and other places of business with the consent of the owners or storekeepers. All such machines are placed by two of the three plaintiff partners, who personally service them by making collections, refilling them with cigarettes and keeping the machines in good mechanical order. The plaintiffs have no regular, temporary or any other employees to do this work.

The defendant union, unsuccessful in its efforts to induce the two partners to join its union, commenced picketing the various places where the vending machines were maintained,

carrying " sandwich " signs reading as follows: " This store unfair to labor. Confectionery & Tobacco Jobbers Employees Union Local 1175." Having refused to discontinue such picketing, the plaintiffs brought this action against the union, in which they seek a permanent injunction against such continuance, together with damages, and on the present application plaintiffs move for a temporary restraining order. The defendant union cross-moves to dismiss the complaint for legal insufficiency. No violence, disorder or other form of impropriety is alleged; mere picketing is claimed and conceded. The question thus posed is whether a union may employ the economic weapon of peacefully picketing the customers of the plaintiffs, who conduct their own business without the aid of any employees whatsoever.

In the first place, it is well settled that upon this state of facts there is no labor dispute within the meaning of section 876-a of the Civil Practice Act. (*Angelos* v. *Mesevich,* 289 N. Y. 498, revd. on other grounds *sub nom. Cafeteria Union* v. *Angelos,* 320 U. S. 293; *Baillis* v. *Fuchs,* 283 N. Y. 133; *Thompson* v. *Boekhout,* 273 N. Y. 390; *Wohl* v. *Bakery & Pastry Drivers Union,* 284 N. Y. 788; *Singer* v. *Kirsch Beverages, Inc.,* 271 App. Div. 801.) It does not follow therefrom, however, that one need " *   *   * be in a ' labor dispute ' as defined by state law to have a right under the Fourteenth Amendment to express a grievance in a labor matter by publication unattended by violence, coercion, or conduct otherwise unlawful, or oppressive." (*Bakery Drivers Local* v. *Wohl,* 315 U. S. 769, 774.)

In the last-cited case, in which the facts are substantially similar to the case at bar, and involved bakery route peddlers in business for themselves who refused to be unionized and whose customers the union threatened with picketing, the Supreme Court of the United States reversed our Court of Appeals (284 N. Y. 788, *supra*), which affirmed the lower court's grant of an injunction. In so doing, the Supreme Court said, at page 775: " We ourselves can perceive no substantive evil of such magnitude as to mark a limit to the right of free speech which the petitioners sought to exercise. The record in this case does not contain the slightest suggestion of embarrassment in the task of governance; there are no findings and no circumstances from which we can draw the inference that the publication was attended or likely to be attended by violence, force or coercion, or conduct otherwise unlawful or oppressive;

and it is not indicated that there was an actual or threatened abuse of the right to free speech through the use of *excessive picketing*. A state is not required to tolerate in all places and all circumstances even peaceful picketing by an individual. But so far as we can tell, respondents' mobility and their insulation from the public as middlemen made it practically impossible for petitioners to make known their legitimate grievances to the public whose patronage was sustaining the peddler system except by the means here employed and *contemplated;* and those means are such as to have slight, if any, repercussions upon the interests of strangers to the issue." (Italics mine.) (See, also, *Cafeteria Employees Union* v. *Angelos,* 320 U. S. 293, *supra,* and cases therein cited; *Singer* v. *Kirsch Beverages, Inc.,* 271 App. Div. 801, *supra.*)

While the courts of this State heretofore tended to support the contention of the plaintiffs, the Supreme Court of the United States has taken a contrary view, and under the circumstances I have no alternative, on the record now before me, but to deny the motion for a temporary injunction and grant the defendant's motion to dismiss the plaintiffs' complaint for legal insufficiency (*Angelos* v. *Mesevich,* 292 N. Y. 681). Construction of the Federal Constitution by the Supreme Court of the United States is binding on all State courts (*People* v. *Muller,* 286 N. Y. 281, 284).

It is true that in *Singer* v. *Kirsch Beverages, Inc* (*supra,* p. 802), our Appellate Division, while denying the injunction permitted the complaint to stand, in view of the fact that it was " broad and alleges a conspiracy and matters, which, if established upon a trial, might justify some relief." We have no such situation in the complaint before me.

Submit orders.