HOTEL TAFT CORPORATION et al., Plaintiffs, *v.* JOHN J. RYAN et al., Defendants.

Supreme Court, Special Term, New York County, June 3, 1948.

*Arthur Richenthal, Irving M. Moss* and *Stanley Geller* for plaintiffs.

*Sheehan & Harold* for John J. Ryan, defendant.

PECORA, J.   Motion is made by plaintiffs for a temporary injunction to restrain a former employee of the Hotel Taft from parading up and down in front of the hotel with placards, some of which read as follows:

" Leo Bing an Owner of This Hotel Has Used His Profits from This Hotel to Aid Communist Front Organizations."

" Birds of a Feather Flock Together!   Max Goldenberg a Staff Manager of This Hotel Participated in a Recent Testimonial Dinner for Mike Obermeier (Acknowledged Communist Now Awaiting Deportation)."

" Anestos Sirkelides, a Waiter and Union Shop Chairman of the Taft Hotel Is a Communist.

" He Couldn't Find Time to Fight Ryan's Case but He Had Time to Attend a Testimonial Dinner for Obermeier (a Communist Now Awaiting Deportation)."

The defendant Ryan, who had been employed as a doorman at the Hotel for twelve years prior to his discharge on May 18, 1948, is also distributing mimeographed handbills which charge that he was dismissed because he had publicly exposed that a Hotel Taft waitress had actively participated in the Communist picketing of a motion picture, " The Iron Curtain ", playing at the Roxy Theatre.

Plaintiffs, who include two individuals associated with the hotel, as well as the owner of the hotel, charge that the statements contained in the placards and in the handbills are false and misleading and that irreparable injury will result if the actions of the defendant Ryan and two other persons, not named, are permitted to continue.

Defendant Ryan has submitted an affidavit which, in conjunction with the discrepancies in the affidavits in support of the motion, indicates that there is a serious conflict as to whether the representations being made by defendants are false.   In view of the disputed facts, injunctive relief would be inappropriate here for that reason alone, even if the other facts mentioned hereinafter were not present.

Since the decision in *Thornhill* v. *Alabama* (310 U. S. 88 [1940]), it is accepted as unassailable that peaceful picketing is an exercise of the right of free speech, and cannot be inter-

fered with by the State or the courts. And in *Bakery Drivers Local* v. *Wohl* (315 U. S. 769) it was held that even though there does not exist a " labor dispute ", as defined by the State statutes, there still remains the right to express a grievance through publication, i.e., picketing. In *Cafeteria Union* v. *Angelos* (320 U. S. 293, 295) the Supreme Court, in reversing our Court of Appeals, which had granted an injunction to restrain picketing, where the pickets were carrying misleading signs, said : " And to use loose language or undefined slogans that are part of the conventional give-and-take in our economic and political controversies — like ' unfair ' or ' fascist ' — is not to falsify facts."

Defendant Ryan is exercising his constitutional right to present his grievances to the public through the means of picketing. Unquestionably the picketing is peaceful. The affidavits do not demonstrate with any degree of certainty that the representations being disseminated are false. Injury to plaintiffs' business does not justify curtailment of defendant's constitutional rights. Defendant is using the only effective means of communicating his grievances.

The motion for a temporary injunction is, therefore, denied.