Howard J. Hogan-, J.
In this action for a permanent injunction, plaintiff moves to restrain the defendants, pendente lite, from (1) picketing plaintiff’s places of business; (2) indicating by signs or otherwise the existence of a labor dispute; (3) molesting, interfering with, assaulting or threatening persons engaged in the delivery of plaintiff’s newspapers, or destroying its property.
Upon the return of the order to show cause, the defendants denied having committed any acts which might be termed violent and disorderly, and maintained that a labor dispute is here involved, requiring a hearing, as provided by section 876-a of the Civil Practice Act, before a temporary injunction might issue.
The defendant union had a contract with Eockaway News Supply Company, Inc., which employed its members to deliver the plaintiff’s newspaper. Plaintiff had a contract with Eockaway under which it provided this service. There was no contract of any nature between plaintiff and defendants.
On or about December 5, 1958, Eockaway became unable to perform its contractual obligations, and at that time, it filed a voluntary petition in bankruptcy. Shortly thereafter, News-day, after attempting its own deliveries, contracted with another firm, Lybco, Inc., as concededly it had a right to do, for the same service which Eockaway had performed. Lybco does not employ members of the defendant union.
Plaintiff alleges the picketing of its Garden City plant, threats of bodily harm to the employees of Lybco, and further interference by inflicting damage on a delivery truck. Defendants categorically deny any acts or threat of violence, but insist that they have the right to picket on the ground that a bona fide labor dispute exists between the parties.
The defendants state that they have a legitimate objective, the persuasion of the plaintiff to enter into an agreement with them similar to that existing between them and the Publishers’ Association of New York City. The substance of such proposed agreement is that if Newsday at some time in the future, should decide to make its own deliveries directly, and shall then *213 terminate any contract with an independent contractor, “ the men who will have been delivering Newsday through the news company insofar as their jobs are concerned ” will be protected, along with their seniority rights and retirement and other benefits.
The employees of the present delivery company, however, are not members of the defendant union, hence it may not represent them nor seek benefits on their behalf. While it is within the realm of possibility that some time in the future Newsday may contract with a company whose employees are members of the defendant union, or that it may succeed in organizing the employees of the present contractor, until that time it must be held that no labor dispute, as defined by section 876-a (subd. 10, par. [c]) of the Civil Practice Act, can exist between these parties. Therefore, no hearing is required to be held before a temporary injunction may issue.
At this time, it should be noted that although defendants allege by affidavit that some of Newsday’s employees are engaged within its plant, in the delivery process — i.e., tying up bundles of newspapers, there is no factual basis set forth for this statement, and counsel for the defendants admitted to the court that he had no means of ascertaining if it were true. On the other hand, an officer of the plaintiff categorically denies this. Upon the state of the record the court finds that no issue exists which requires a trial.
As for the request that defendants be enjoined from acts of violence, although defendants deny that any such acts occurred, the fact is that four of their members are presently under indictment, charged with damaging a truck engaged in plaintiff’s business. While this is not proof of their guilt, it persuades the court that such conduct should be enjoined at this time.
Accordingly, the motion is granted and defendants are restrained, pending the trial of this action, from molesting, interfering with or assaulting or threatening employees or representatives of plaintiff or interfering with, damaging or destroying their property or the property of plaintiff, or in any way interfering with the delivery of plaintiff’s newspapers, from picketing the offices or plant of the plaintiff or any other place in a manner designed to indicate that a labor dispute of any nature exists between them, and from carrying signs, or indicating in any other way to the public that a labor dispute exists between the parties.
Picketing is an integral part of the constitutional right of free speech (Thornhill v. Alabama, 310 U. S. 88). One need not be in a labor dispute as defined by law to have a right *214 under the Fourteenth Amendment to express a grievance by publication unattended by violence, coercion or conduct otherwise unlawful or oppressive (Bakery Drivers Local v. Wohl, 315 U. S. 769; Hotel Taft Corp. v. Ryan, 191 Misc. 1054: Lo Bianco v. Holt, 189 Misc. 113).
However, this right is not absolute. It may be exercised only for a lawful objective. Defendants may not, by picketing, attempt to coerce plaintiff into contracting with them as aforesaid, nor may they intimate to the public that plaintiff is interfering with, or withholding any of the legal rights of organized labor.
Accordingly, a temporary injunction will issue to the plaintiff as indicated upon the filing of a bond in the sum of $1,000.