THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WILLIAM W. KLEINMAN, Defendant.

Supreme Court, Special Term, Kings County, May 20, 1938.

*Hiram C. Todd, Special Assistant Attorney-General,* for the People.

*David F. Price,* for the defendant.

BRENNAN, J.   The principal question presented by this motion is whether or not the judgment of acquittal in the perjury case must be accepted as conclusive evidence of the fact that the defendant did not know and had not met Louis Luckman or any of the Luckmans prior to the time when he so testified in June, 1936, at the conspiracy trial.

The conspiracy and perjury indictments together with the minutes of the perjury trial were furnished for use on this motion, and it definitely appears therefrom that the only question before the jury was: Did the defendant know or had he met Louis Luckman when he testified that he did not know him and had not met him? There was no question as to whether or not the defendant willfully and knowingly testified falsely; for, as the justice presiding at the trial charged the jury, " The defendant has not claimed on this trial that he did not intend to testify that he did not know Luckman.   He has reaffirmed the statement that he did not know him." The court determined as a matter of law that the testimony in question was material.   Therefore, when the jury brought in its verdict of not guilty, the fact that the defendant did not know and had not met Louis Luckman or any of the Luckmans prior to so testifying was established and must be accepted by the People as conclusive on that issue.   (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304, 307; *Cromwell* v. *County of Sac,* 94 U. S. 351, 353.)

The operation of a judgment as an estoppel in respect of matters actually in issue or points controverted in the action wherein the judgment was rendered is merely a rule of evidence (*People* v. *Rodgers,* 184 App. Div. 461, 465), and, therefore, applicable in criminal cases (Code Crim. Proc. § 392).   The fact that the People in a criminal case must prove their case beyond a reasonable doubt, and that in a civil case the burden may be sustained by a preponderance of evidence, does not limit the rule to civil cases, for the reason that the burden in each instance differs only in degree; neither is, nor can be, mathematically exact.

I fail to see any difficulty in respect of mutuality.   Certainly if the defendant had been convicted the People would at least exercise their rights under section 2444 of the Penal Law if the defendant took the stand.   Nevertheless, mutuality is not essential in this

case. "Behind the phrase *res judicata* lies a rule of reason and practical necessity. One who has had his day in court should not be permitted to litigate the question anew. Although normally it is necessary that mutuality of estoppel exist, an exception is at times made where the party against whom the plea is raised was a party to the prior action and 'had full opportunity to litigate the issue of its responsibility.'" (*Good Health Dairy Products Corp.* v. *Emery*, 275 N. Y. 14, 18.)

If the fact found in the perjury trial were the only fact upon which the conspiracy indictment was predicated, the indictment would be dismissed (*People* v. *Glen*, 173 N. Y. 395, 400), but where the prior judgment merely creates an estoppel limited to points actually decided in the action and leaves open other issues the indictment may not be dismissed even where the remaining issues are probably unsubstantial. (*Sielcken-Schwarz* v. *American Factors, Ltd.*, 265 N. Y. 239, 244.) As there are other issues involved in this case, the motion in so far as it seeks to dismiss the indictment must be denied.

It seems clear that if the judgment roll, including the minutes of the perjury trial, were to be offered in evidence at the conspiracy trial as evidence of whether or not the defendant had not known or met Louis Luckman prior to denying that he had known or met him, it would be received in evidence as conclusive of the fact that he had neither known nor met Luckman. (*Krekeler* v. *Ritter*, 62 N. Y. 372, 374; *Hendrick* v. *Biggar*, 209 id. 440.) If that were to happen and the defendant were acquitted the People would be precluded from appealing the conclusiveness of such evidence, because of the constitutional prohibition from placing the defendant in double jeopardy. On the other hand, if said judgment roll were rejected or received but not given the conclusive effect claimed for it in cases hereinbefore cited, and the defendant were convicted, the error — if such it were — would necessitate a new trial.

Those considerations would seem to justify the court in exercising its inherent power to regulate its procedure (*Hanna* v. *Mitchell*, 202 App. Div. 504, 513; affd., 235 N. Y. 534; cited and approved in *General Investment Co.* v. *Interborough Rapid Transit Co.*, Id. 133, 143), not only for the best interests of the defendant but also in order that the People may have the opportunity of reviewing by appeal the question of the conclusiveness of the said judgment of acquittal.

The motion is granted to the extent that the People will be precluded from offering any evidence tending to prove that the defendant knew or had met Louis Luckman or any of the Luckmans

prior to the said conspiracy trial.   In all other respects the motion is denied.

The relief demanded in respect of an examination of the grand jury minutes is unnecessary in view of the above determination. The People will be given an opportunity to apply to the Appellate Division for an order restraining me from making and entering an order herein.