MARY FIELDS, Appellant, v. LOUISE B. TAYLOR et al., Respondents.— Appeals by landlord from an order of the City Court of Mount Vernon, entered May 28, 1948, which stayed the execution of a warrant of eviction for a period of sixty days from May 15, 1948; and from an order of the same court, entered May 25, 1948, which denied the landlord's motion to dismiss the proceedings. On January 7, 1948, the tenants, by stipulation of counsel, had been granted a stay of execution of the warrant to May 14, 1948. Order of May 28, 1948, reversed on the law, without costs, and application for a stay denied, without costs. Prior to the making of that order, the tenants, by consent, received a stay of execution in excess of the period permitted by subdivision 4 of section 1435 of the Civil Practice Act. The court was thereafter without power to grant a further stay. (*Petker* v. *Occhini*, 187 Misc. 377.) The ordinance of the City of Mount Vernon, adopted by the Common Council on May 12, 1948, and approved by the Mayor on May 13, 1948, which purports to authorize the court, under certain conditions, to stay the issuance or execution of warrants of eviction for successive sixty-day periods, is invalid to the extent that it is inconsistent with the provisions of the Civil Practice Act. (*Matter of Tartaglia* v. *McLaughlin*, 190 Misc. 266, affd. 273 App. Div. 821, revd. on other grounds 297 N. Y. 419.) The reversal of the *Tartaglia* case (*supra*) was based upon the act of the Legislature which "legalized and validated" the local laws there involved (L. 1948, ch. 4). In the absence of such validating legislation, the City of Mount Vernon was without power to regulate summary proceedings in a manner inconsistent with the Civil Practice Act. Appeal from order of May 25, 1948, dismissed, without costs. Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur.

In the Matter of ROBERT FORBELL, Appellant, against MONICA FORBELL, Respondent.—Appeal by petitioner in a habeas corpus proceeding from order denying his application for visitation of the child of his marriage to respondent and dismissing the writ procured for the purpose of obtaining custody of the child. Order modified on the facts by striking out the first ordering paragraph and by providing in lieu thereof that right of visitation of the infant is granted to petitioner one day a week for three hours, upon notice of intention to visit the child by petitioner, to be given to the mother of the child twenty-four hours in advance of each visit; and upon the further condition that petitioner pay to respondent $15 a week for the support of the child. As so modified, the order is affirmed, without costs. No opinion. Lewis, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur. [See *post*, p. 853.]