THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* ANNA CHESNICK, Respondent.

Submitted October 13, 1950; decided November 30, 1950.

*Miles F. McDonald, District Attorney (David Diamond* of counsel), for appellant. I. Section 722 of the Penal Law does not require that the acts constituting disorderly conduct be committed in a public place. (*People* v. *Gertner,* 124 Misc. 114; *People* v. *Katz,* 135 Misc. 336; *People* v. *Perry,* 265 N. Y. 362; *People* v. *Monnier,* 280 N. Y. 77.) II. The hall of a six-family building is a public place. (Multiple Dwelling Law, § 4, subd. 17.)

*Louis J. Jacobson* for respondent. I. The information was insufficient upon the face thereof. (*People* v. *Huyck,* 171 Misc. 467; *Shappee* v. *Curtis,* 142 App. Div. 155; *McKelvey* v. *Marsh,* 63 App. Div. 396; *People* v. *Williams,* 135 Misc. 564; *People* v. *Knapp,* 152 Misc. 368; *People* v. *Lindner,* 133 Misc. 728.) II. The hall of a six-family building is not a public place. (*People* v. *Whitman,* 178 App. Div. 193; *People* v. *Reid,* 40 N. Y. S. 2d 793; *People* v. *Dale,* 47 N. Y. S. 2d 702.)

DESMOND, J. Defendant, after a trial before a New York City magistrate, was convicted of the offense of disorderly conduct.

The charge was laid under subdivisions 1 and 2 of section 722 of the Penal Law:

" § 722. *Disorderly conduct.* Any person who with intent to provoke a breach of the peace, or whereby a breach of the peace may be occasioned, commits any of the following acts shall be deemed to have committed the offense of disorderly conduct:

" 1. Uses offensive, disorderly, threatening, abusive or insulting language, conduct or behavior;

" 2. Acts in such a manner as to annoy, disturb, interfere with, obstruct, or be offensive to others ".

The testimony for the prosecution was that defendant, one of the tenants in a six-family apartment building, went to the door of one of the other apartments and, standing in the hallway, delivered herself of various objurgations and imprecations, some of them in obscene language, and all spoken to, and concerning, the two occupants of that other apartment. Another tenant testified that about the same time he heard similar vocal violence from defendant, who was then on one of the stairways of the building.

The appellate court reversed the conviction. We agree that defendant's conduct did not rise (or fall) to the level required by the statute quoted above. Of course, what she did was in fact disorderly and did interfere with the peace and quiet of some of the occupants of the dwelling. But the disturbance was a private, not a public one, and three persons only appear to have heard the tirade.

The key phrase of the statute is " breach of the peace " and, traditionally, that language means a violation of public order and tranquility (see 5 Words and Phrases, p. 763 *et seq.;* Black's Law Dictionary [3d ed.], p. 246; Restatement, Torts, § 116; Personal Property Law, § 76). The classic definition, in modern times, of " breach of the peace " is given by *People* v. *Most* (171 N. Y. 423, 429) : " It is a disturbance of public order by an act of violence, or by any act likely to produce violence, or which, by causing consternation and alarm, disturbs the peace and quiet of the community." " The offense known as breach of the peace embraces a great variety of conduct destroying or menacing public order and tranquility " (*Cantwell* v. *Connecticut,* 310 U. S. 296, 308). And so, to constitute " disorderly conduct " there must be an actual or threatened " breach of the

peace ", which, in turn, means a " disturbance of the tranquility of the People of the State " (*People* v. *Perry,* 265 N. Y. 362, 365). Here there was no troubling of the wonted calm of the whole community, or of any sizeable segment thereof.

" It is difficult to define exactly and comprehensively the kind of conduct which ' tends to a breach of the peace ' " (*People* v. *Nixon,* 248 N. Y. 182, 185), and no such difficult task will be attempted herein. We wish to make it clear, however, that we are not holding that the offense of disorderly conduct cannot be committed inside a building. Indeed, section 722 itself, in its fifth subdivision, lists, as one kind of disorderly conduct, shouts or noisemaking " either outside or inside a building during the night time to the annoyance or disturbance of any considerable number of persons ". Nowadays, many a large multiple dwelling houses a " considerable number of persons ", and it is easy to imagine, within such a building, disorder which might seriously interfere with public peace. So, the test is not whether the activity complained of was indoors or outdoors, but whether it had in it the traditional elements of an actual or likely " breach of the peace ", as that ancient phrase has usually been construed.

The order should be affirmed.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DYE, FULD and FROESSEL, JJ., concur.

Order affirmed.