THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.*
HELEN HURLBUT, Defendant.

Police Court, City of Troy, March 7, 1951.

PROSECUTION for disorderly conduct.

*C. Fred Schwarz, Jr.,* for Helen La Ferriere, complainant.

*John P. McNamee* for defendant.

O'CONNOR, J. The defendant has been arrested and tried without a jury on an information charging her with disorderly conduct in violation of subdivisions 1 and 2 of section 722 of the Penal Law. Insofar as material here, that statute provides:

" Any person who with intent to provoke a breach of the peace, or whereby a breach of the peace may be occasioned, commits any of the following acts shall be deemed to have committed the offense of disorderly conduct:

" 1. Uses offensive, disorderly, threatening, abusive or insulting language, conduct or behavior;

" 2. Acts in such a manner as to annoy, disturb, interfere with, obstruct, or be offensive to others ".

Decision was reserved at the close of the complainant's case, the defendant having rested without adducing any testimony on her own behalf.

It appears that the complainant and the defendant are housewives who reside in adjoining houses on Michigan Avenue in the city of Troy. Their homes are separated by a distance equal to twice the width of an ordinary automobile driveway. The complainant's proof established to this court's satisfaction, and beyond a reasonable doubt, that on two separate occasions during the month of October, 1950, the defendant for reasons best known to herself, stood on her back porch and in her living room and literally spewed forth a half-hour barrage of verbal venom, the like of which defies accurate description. Her contumacious mouthings were directed at and reflected upon the character of the complainant, a respectable married woman and the mother of three small children, who at the time was performing her ordinary household duties in and about the rear portion of her own home. They were spoken in a voice loud enough to carry over the double driveway separating the houses, and in a tone of sufficient resonance to cause them to be heard by two other adults, the complainant's brother and sister-in-law. Amazingly enough they were also preserved for posterity on a wire recording machine which was introduced into evidence and played at the trial.

The question to be determined then is whether insulting execrations shouted by one person from one house at the occupant of an abutting house rather than in a public street, or in a public conveyance or at a public assemblage, in a voice loud

enough to be heard by more than one individual, can justify a disorderly conduct conviction under subdivisions 1 and 2 of section 722 of the Penal Law. Whatever doubts this court may have entertained on this question would appear to have been resolved for it by the Court of Appeals in *People* v. *Chesnick* (302 N. Y. 58) in a unanimous decision handed down after this matter was heard.

In that case as in this one, the defendant delivered herself of what Judge DESMOND succinctly describes as " various abjurgations and imprecations, some of them obscene " (p. 60) while standing in a *common hallway* at the entrance of the apartment occupied by the recipients of her abuse. In that case as in this one the words were heard by others. In holding that the defendant's conduct did not rise to the level required by the statute and the subdivisions thereof which are involved here, the court wrote (pp. 60–61):

" The key phrase of the statute is ' breach of the peace ' and, traditionally, that language means a violation of public order and tranquility (see 5 Words and Phrases, p. 763 *et seq.;* Black's Law Dictionary [3d ed.], p. 246; Restatement, Torts, § 116; Personal Property Law, § 76). The classic definition, in modern times, of ' breach of the peace ' is given by *People* v. *Most* (171 N. Y. 423, 429): ' It is a disturbance of public order by an act of violence, or by any act likely to produce violence, or which, by causing consternation and alarm, disturbs the peace and quiet of the community.' ' The offense known as breach of the peace embraces a great variety of conduct destroying or menacing public order and tranquility ' (*Cantwell* v. *Connecticut,* 310 U. S. 296, 308). And so, to constitute ' disorderly conduct ' there must be an actual or threatened ' breach of the peace ' which, in turn, means a ' disturbance of the tranquility of the People of the State ' (*People* v. *Perry,* 265 N. Y. 362, 365). Here there was no troubling of the wonted calm of the whole community, or of any sizeable segment thereof."

This court's personal inclination leans towards the theory that substantial justice requires some affirmative action should be taken on its part to protect the complainant from defendant's inane yet not uncommon feminine blabbing. However, when a court of last resort has once laid down a principal of law applicable to a certain state of facts, the doctrine of *stare decisis* requires adherence to that principle, and its application to all future cases where the facts are substantially the same. (*Moore* v. *City of Albany,* 98 N. Y. 396, 410.) In the interests of uniformity, certainty and stability in the law, all inferior

tribunals must and should adhere to and leave undisturbed matters which have been established by judicial determination without regard to their views as to the propriety of that judicial determination (*Johnson* v. *Western Union Tel. Co.*, 144 N. C. 410). The law, which is at its best an inexact science, should in the interests of certitude require that a conclusion or statutory interpretation reached in one case, be applied to those which follow, if the facts are substantially the same, even though the parties are different (*Heisler* v. *Thomas Colliery Co.*, 274 Pa. 448).

The facts in the *Chesnick* case (*supra*) and those in the instant prosecution are so strikingly similar as to render the two indistinguishable. If offensive words and actions spoken and performed in an apartment house common hallway do not constitute " a troubling of the wonted calm of the whole community, or of any sizeable segment thereof " *People* v. *Chesnick* (*supra*, p. 61) then neither do offensive words and actions spoken and performed under the peculiar circumstances existing here.

The defendant's motion for dismissal is therefore reluctantly granted as a matter of law.