■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. IRVING ENGEL, Appellant.— Appeal (1) from a judgment of conviction rendered by the Court of Special Sessions of the City of New York, Borough of Queens, sentencing appellant, after the court had found him guilty of violating section 1141 of the Penal Law, to pay a fine of $100 or to serve 30 days in jail, and (2) from the order denying his motions. Judgment affirmed. (See *People* v. *Shapiro*, 6 A D 2d 271.) No separate appeal lies from the order, which has been reviewed on the appeal from the judgment of conviction. Nolan, P. J., Wenzel, Ughetta and Hallinan, JJ., concur; Kleinfeld, J., dissents and votes to reverse the judgment of conviction and to dismiss the information, with the following memorandum: The conviction may not stand because,

although charged in the information with "wilfully" selling obscene material, appellant was tried and convicted upon evidence of an innocent and unknowing sale. An information must identify the charge so that acquittal would prevent a subsequent charge for the same offense (*People* v. *Farson,* 244 N. Y. 413; *People* v. *Grogan,* 260 N. Y. 138; *People* v. *Alexander,* 306 N. Y. 656). It is not material that the statute does not require proof of willfulness. A criminal pleading must be sufficiently specific so that a defendant will not be required to go beyond the pleading to ascertain the nature of the charge (*People* v. *Hungerford,* 129 Misc. 777, affd. 222 App. Div. 710; *People* v. *Glaser,* 2 A D 2d 352). Under the circumstances of this case, appellant could rightfully rely upon the absence of willfulness, as a defense, even though willfulness is not a necessary element of the statutory crime. Furthermore, the trial court was bound by a determination of the same court (Court of Special Sessions of the City of New York, Borough of Manhattan), to the obvious effect that the very same issue of the identical publication, here involved, was not obscene for the purposes of the statute. (*People* v. *Constantin,* decided May 15, 1957.) That determination is *res judicata,* regardless of the fact that appellant was not a party to the New York County action. In *People* v. *Kleinman* (168 Misc. 920, 921–922) it was stated that "Nevertheless, mutuality is not essential in this case. 'Behind the phrase *res judicata* lies a rule of reason and practical necessity. One who has had his day in court should not be permitted to litigate the question anew. Although normally it is necessary that mutuality of estoppel exist, an exception is at times made where the party against whom the plea [of *res judicata*] is raised was a party to the prior action and "had full opportunity to litigate the issue of its responsibility.'' (*Good Health Dairy Products Corp.* v. *Emery,* 275 N. Y. 14, 18.)" "In determining the applicability of the doctrine of *res judicata* as a defense, the test to be applied is that of 'identity of issues'" (*Israel* v. *Wood Dolson Co.,* 1 N Y 2d 116, 120). The "identity of issues" test was also applied in *People* v. *Kleinman* (*supra*) and *People* v. *Parelli* (93 Misc. 692). If the principle of *res judicata* were inapplicable, the New York County determination should, nevertheless, have been followed upon the doctrine of *stare decisis* (*People* v. *Hurlbut,* 200 Misc. 12; *People* v. *Tompkins,* 186 N. Y. 413; *People* v. *Devonish,* 285 App. Div. 826).