Frank J. Kronenberg, J.
Defendant was convicted of disorderly conduct in violation of an ordinance of the City of North Tonawanda after a trial on November 3, 1958 before Judge Fred C. Boot of the North Tonawanda City Court, sitting without a jury.
There was sufficient evidence for the court to find that the defendant engaged in a dispute with her next-door neighbor in the course of which she used offensive language and emphasized her remarks with slaps. The conduct took place around an automobile parked in the driveway which was common to the defendant and complainant and related to use of the driveway. It appears that the arena was in the rear of the driveway remote from the city street.
The ordinance proscribes offensive language and acts “at any place, whether a public or private place within the City.” There is no evidence that the defendant’s conduct troubled “ the wonted calm of the whole community, or of any sizeable segment thereof.” (People v. Chesnick, 302 N. Y. 58, 61.) Only the residents of the two houses and a neighbor who was looking out her window across the street were aware of the disturbance. Under these circumstances the conduct was not of a public nature. (People v. Hurlbut, 200 Misc. 12; People v. Montgomery, 17 N. Y. S. 2d 71.) Thus it appears that this case does not meet the classic requirements of disorderly conduct as set forth in article 70 of the Penal Law.
The ordinance purports to prohibit disorderly conduct in a private place, apparently thereby eliminating the requirement that a sizeable segment of the public must be disturbed. The city lacks authority to enact such provision.
Section 12 of article IX of the State Constitution confers upon cities power to adopt local laws which are not inconsistent with *1029 the laws of the State and subdivision 2 of section 11 of the City Home Rule Law provides that local laws ‘ ‘ shall not change or supersede any act of the legislature.”
It is plain that the city has attempted to expand the definition of disorderly conduct beyond the limits of the Penal Law. This it may not do. In Fields v. Taylor (274 App. Div. 810) the Appellate Division held invalid an ordinance of the City of Mount Yernon purporting to authorize stay of warrants of eviction for longer periods than provided for in the Civil Practice Act.
The conviction is reversed on the law and the informatior dismissed.