Archibald C. Wemple, J.
The defendant was found guilty after a trial held on April 13,1959 before Honorable Walter B. Ostrander, Justice of the Peace of the Town of Rotterdam, County of Schenectady and State of New York. The defendant’s appeal is based upon the contention that the information was insufficient and that the verdict of guilty is against the weight of the evidence; and that the guilt of the defendant was not established beyond a reasonable doubt. The coincidence of circumstances created a situation out of which the defendant was arrested and charged with disorderly conduct. After being forced off the road, the defendant called out to some officers who were taking down notes at the scene of an accident. The defendant felt frustrated because the police ignored his request to apprehend the driver of the car which had offended the defendant.
It is obvious from the record that the defendant lost his head and used intemperate language in addressing the police officers. It is quite apparent that he irritated the officers to the point that they placed him under arrest. However, the record fails to show that the verbal exchange between the officers and the defendant attracted any of the public and that those who heard the conversation were already present at the time it took place.
*627 The Court of Appeals in People v. Most (171 N. Y. 423, 429) in defining a breach of the peace said: “ It is a disturbance of public order by an act of violence, or by any act likely to produce violence, or which, by causing consternation and alarm, disturbs the peace and quiet of the community.” One of the prosecution witnesses, when asked on cross-examination whether the defendant’s conduct annoyed him, disturbed him or provoked him, answered in the negative. The most he was willing to say was that he lost a lot of respect for the defendant. From the testimony it does not appear that the defendant annoyed anyone. (People v. Perry, 265 N. Y. 362; People v. Nixon, 248 N. Y. 182; People v. Chesnick, 302 N. Y. 58.)
Therefore, it is doubtful that there was a breach of peace or at least a breach of peace which caused a number of persons to congregate. The behavior of the defendant was far from praiseworthy. The arresting officer was justified in taking strong measures, but there seems to be in this case a confusion of circumstances and intentions which gave rise to the incident.
On the record this court finds that there was a reasonable doubt as to the guilt of the defendant of the charge of disorderly conduct. The conviction is reversed and the fine remitted.
Enter order accordingly.