Ormahd N. Gale, J.
This is a motion for reargument of a previous motion to dismiss the indictment herein which charges Charles E. Trudeau with a violation of section 812 of the Penal Law of the State of New York, in that the defendant destroyed a certain forged instrument, commonly known as a bank check, knowing it was or might be required in evidence upon a trial, hearing, inquiry, investigation or other proceeding authorized by law with an intent to prevent its being produced.
On the earlier motion, the defendant contended that the indictment failed as a matter of law to properly charge a violation of section 812 of the Penal Law because at the time of the alleged destruction there was no trial, hearing, inquiry, investigation *855 or other proceeding authorized by law being conducted. The defendant further contended that a proceeding under this indictment was barred by the doctrine of collateral estoppel. This court denied the defendant’s motion on both grounds.
On this motion for reargument the defendant has offered additional cases in support of his position that the proof required at the trial of the present indictment has already been decided in favor of defendant and should be excluded on the theory of collateral estoppel.
The defendant was previously tried, inter alia, for the crime of forgery. During the course of the trial the forgery counts against this defendant were dismissed by the Hon. Leo W. Breed. There was some doubt in my mind as to whether this constituted a ‘1 final determination ’ ’ of the matter sufficient to enable the defendant to raise the question of collateral estoppel. The defendant cites Matter of Bishop v. New York Supreme Ct. (19 A D 2d 296, 298) for the following proposition: “ There was no difference for jeopardy purposes that the felony count was dismissed rather than that there was a jury verdict of not guilty. (See People v. Reed, 276 N. Y. 5, 12.) ”
The court is satisfied from reading this decision that there was in fact, a final determination that this defendant was not guilty of forgery.
Section 812 of the Penal Law, the section defendant is charged with violating, states: “ A person who, knowing that a * * * instrument in writing * * * is or may be required in evidence, or on a motion, upon any trial, hearing, inquiry, investigation, or other proceeding, authorized by law, willfully destroys the same, with intent thereby to prevent the same from being produced, is guilty of a misdemeanor. ” (Italics supplied.) The essential elements appear therefore, to be: willful destruction of the matter knowing it is or may be evidence to prevent its production in a judicial proceeding. Thus, in the instant case, the main issue will be whether the instrument in question, namely a check, was evidence which defendant willfully destroyed to prevent its production.
It seems reasonable to assume that the section was passed to not only act as a deterrent to the destruction of evidence, but also to provide punishment and thereby prevent one from benefiting from his own wrongful act, as for example destroying evidence so that the People cannot present a prima facie case.
In 1 "Wharton’s Criminal Evidence (§ 2, pp. 9-10), evidence is defined as embracing: ‘ ‘ the reproduction, before the determining tribunal, of the admissions of parties and of facts relevant to the issue * # * the effect, tendency, or design of *856 which is to produce in the mind a persuasion of the existence or nonexistence of some other matter of fact. ’ ’ It cannot be denied that production of the check would have been most persuasive in determining whether or not it was in fact forged and whether this defendant was guilty of forgery, the issue of the prior case which defendant asserts is raised anew under the present indictment.
This court feels that the crux of the present case is the determination by the jury as to whether or not this defendant destroyed an instrument in writing which * ‘ may be required in evidence ”. Certainly the absence of the check was a prime factor in Judge Bebed’s prior determination.
Under the theory of collateral estoppel only those issues of fact actually and necessarily litigated cannot again be tried. (See People v. Grzesczak, 77 Misc. 202, 205; People v. Kleiman, 168 Misc. 920, 921; People v. De Sisto, 27 Misc 2d, 217, 237.) As pointed out by Judge Sobel in People v. De Sisto (supra) in which he went into this concept in great detail, the difficulty is in deciding exactly what issues were actually determined. Reference must be made to the record of the first trial. (See, also, People v. Kleinman, supra, p. 922; United States v. Curzio, 170 F. 2d 354.) Thus, as the defendant states on pages one and two of his memorandum, the basis for Judge Bebed’s dismissal of the forgery counts was that the only evidence available was alleged confessions or admissions of Trudeau. There was a lack of independent proof of the instrument being forged.
As a result, under our theory of double jeopardy, the defendant cannot be retried for forgery, but the court did not have before it a charge of violation of section 812 of the Penal Law.
Is “ forgery ” an essential element of proof under the present indictment? We think not. The check in question was a piece of evidence the Grand Jury was entitled to examine. If this defendant destroyed it, he should be held accountable under section 812 of the Penal Law quoted above. As stated in our previous memorandum, this defendant should not profit by his willful and wrongful act, if in fact, he did willfully destroy this check.
As pointed out in People v. Kleinman (supra, p. 922): “ where the prior judgment merely creates an estoppel limited to points actually decided in the action and leaves open other issues the indictment may not be dismissed even where the remaining issues are probably unsubstantial.”
The motion to dismiss the indictment is denied. However, in view of the prior judicial determination by Judge Bebed acquitting the defendant of the forgery counts, this court will entertain *857 a motion to amend the indictment eliminating the description that the instrument was a “ certain forged instrument ” as it could be considered highly prejudicial and inflamatory, and is surplusage.