Egbert L. Flack, J.
An information was filed with .this court by Sabatino De Dominies charging the defendant with violation of subdivisions 2 and 3 of section 240.25 of the Penal Law, in that the defendant on the 18th day of September, 1968 at the residence of the complainant did wrongfully, unlawfully and willfully, and knowingly use abusive and obscene language to the defendant which language was stated in detail in the information. Complainant further alleged in the information that “ there were small children and my tenant who lives in a trailer behind my house in the area where they could hear what was being said by the defendant. ’ ’ The complainant did further allege “ By defendant’s course of conduct and repeatedly commits acts did alarm and seriously annoy me.”
The defendant through his attorney has made a motion to dismiss the information on the following grounds:
1. The alleged harassment perpetrated by the.defendant upon the complainant as set forth in the information was not stated therein to be done with intent to harass, annoy or alarm the complainant as is required in the statute to make such conduct prosecutable under said statute, and that the use of the terms wrongfully, unlawfully and willfully is improper in that they are not terms used in section 15.05 of the Penal Law wherein culpable mental states are defined for purposes of the Penal Law, and the term knowingly is not synonymous with the term intentionally, and that intention is a necessary element of proof in a prosecution for harassment.
2. That subdivision 2 of section 240.25 makes the use of obscene language or an obscene gesture in a public place harassment if done with intent to harass, annoy or alarm another person and that the complainant’s residence was not a public place.
*372 3. That subdivision 3 of section 240.25 makes the following of a person in or about a public place with intent to harass, annoy or alarm said person, harassment. That the information does not allege that the defendant followed the complainant, and in any event complainant’s residence was not a public place.
As to the first objection, the court would permit amendment of the information to conform it to the requirements of the statute. (Cf. People v. Eqston, 307 N. Y. 336, 339, wherein the court said, “ Accordingly, as has elsewhere been held, a court has the power to amend an information even though the amendment may affect a matter of substance.”) The remaining objections are of a more serious nature.
There is no question but what the information alleges a violation under subdivision 2 of section 240.25 of the Penal Law, assuming that the information is amended as above concerning intention, if the complainant’s residence can be considered as a public place, but if it is not, the information will be defective as to both subdivisions 2 and 3 of said section, as said subdivisions require that the occurrence take place in a public place.
The question of what constitutes a public place has presented difficulty to the courts for many years. This question was often an issue in cases dealing with prosecution of disorderly conduct under section 722 of the former Penal Law. It has been said of .the offense of harassment that “ It proscribes conduct, largely of a public or semi-public nature, which ordinarily would constitute disorderly conduct if public alarm or disorder were intended or created but which does not amount to the latter because the act is of a kind that alarms or ‘ harasses ’ an individual rather than the public in general.” (See McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, p. 159.) Some cases dealing with the problem of what constitutes a public place under section 722 of the former Penal Law were: People v. Chesnick (302 N. Y. 58), where the use of obscene language in an apartment house hallway directed to the occupants of an apartment wherein the door was closed was held not to constitute disorderly conduct; the evidence showed that only the two occupants and one other tenant in the building heard the disturbance; People v. Perry (265 N. Y. 362), where it was held that fighting in a restaurant that was closed to the public was not disorderly conduct though the event was witnessed by three customers who were not permitted to enter the premises; People v. Hipple (263 N. Y. 242), where the defendant was inside of the doorway of a business building while a strike was in progress and defendant was congregated with others who were on the street interfering with and obstructing *373 the passers-by. The defendant refused to move upon the order of a policeman. His conduct was found to be disorderly. The court held here that circumstances were such that the offense in question would be considered to have been committed in a public street, the particular subsection under which defendant was prosecuted dealing with public streets.
There were many lower court decisions under section 722 of the former Penal Law dealing with what constituted ‘ ‘ a public place or a public disturbance ”. We may consider one such case, People v. Dalton (121 N. Y. S. 2d 915), in which the facts appear to be similar to the present case. In People v. Dalton the defendant entered the property of the complainant and pulled a fence down and used obscene names to a witness who appears to be the complainant. The language was not heard by any other person. The court held that the disturbance complained of was a private and not a public one.
The Legislature has shed some light on this problem by enacting section 240.00 of the Penal Law which states, “ ‘ Public place ’ means a place to which the public or a substantial group of persons has access, and includes, but is not limited to, highways, transportation facilities, schools, places of amusement, parks, playgrounds, and hallways, lobbies and other portions of apartment houses and hotels not constituting rooms or apartments designed for actual residence. ’ ’
While the above definition is not all-inclusive, it does give certain criteria to be used in determining what is a public place. Namely, it must be a place to which the public has access or a substantial group of persons has access. There is nothing in the information to indicate that the complainant’s residence was a place to which the public had access or to which a substantial group of persons had access. The fact that the children and complainant’s tenant may have heard the alleged abusive and obscene language does not transform such conduct from a private disturbance into a public disturbance and complainant’s residence from a private place into a public place. Furthermore the overhearing of such language by such persons is simply stated as a conclusion by the complainant in this case although for purposes of deciding this motion we are assuming the conclusion to be true. In fact the information does not state at what part of the complainant’s residence the disturbance took place nor does it show that any group of persons collected to witness the event or as a result of the event. In the opinion of the court a private residence does not fall within the definition of a public place as defined in section 240.00 of the Penal Law without a showing of special circumstances and *374 such circumstances must be alleged in the information as part of the necessary facts constituting the violation in question.
There remains one further problem: while the information does not state a violation of subdivisions 2 and 3 of said section 240.25, does it state a violation of subdivision 5 of said section so as to permit necessary amendment? Subdivision 5 states as follows: ‘ ‘ He engages in a course of conduct or repeatedly
commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose.” The information set forth that by “ defendant’s course of conduct and repeatedly commits acts did alarm and seriously annoy me ”. However section 15.00 of the Penal Law defines “ Act ” as “a bodily movement ” and “ Conduct ” as “an act or omission and its accompanying mental state.” It appears therefore that the use of abusive and obscene language is not an act within the meaning of the Penal Law or a course of conduct within the meaning of the same. It is therefore not prosecutable except where expressly provided under the Penal Law.
Motion is granted.