Bernard Tomson, J.
This is a motion by defendants for an order dismissing this indictment.
The defendants contend the doctrine of collateral estoppel is applicable and would warrant a dismissal of these proceedings.
On or about June 22,1969, five youths were arraigned upon a complaint in the First District Court, Nassau County, New York, charged with violation of section 105.10 of the New York State Penal Law in that on June 21, 1969 at about 3:45 p.m. near the Southern State Parkway and Corona Avenue in North Valley Stream, Nassau County, New York, “ the said defendants and each of them and each acting in concert with and aided and abetted by each other, with intent that conduct constituting a felony be performed did each agree with the other to engage in or cause performance of such conduct, to wit: the .said defendants with the intent to violate § 130.35 of the Penal Law of the State of New York when by forcible compulsion they engaged in sexual intercourse with the complainant.”
*499 Four of the youths were subsequently indicted by the Nassau County Grand Jury, on July 16, 1969 for the crimes of rape in the first degree (Penal Law, § 130.35) and sexual abuse in the first degree (Penal Law, § 130.65) and arraigned in the Nassau County Court under indictment number 27613.
The fifth boy was less than 16 years of age at the time of the alleged criminal acts and was charged with being a juvenile delinquent in the Family Court of Nassau County under article 7 of the New York State Family Court Act.
The Family Court proceeding came before Judge Elizabeth Bass Golding. In a lengthy opinion dated December 23, 1969, the court found “that the petitioner ” (the complainant herein)
‘ ‘ has failed to prove by a fair preponderance of the evidence the allegations of the petition as to rape in the first degree in violation of Section 130.35 of the Penal Law”. The court then dismissed the petition.
The petitioner asserts that there exists an “ identity of issue ” which would result in the binding of this court to certain determinations made by Judge Golding which would require a dismissal of the indictment.
The present circumstances differ from previous factual situations where collateral estoppel has been applied in the criminal courts (cf. People v. Lo Cicero, 14 N Y 2d 374 ; Ashe v. Swenson, 397 U. S. 436). The defendants here were not party to the earlier Family Court proceedings and could in no manner be adversely affected by rulings in that proceeding. Although the requirement for mutuality of estoppel has been referred to in many criminal cases (see 9 ALR 3d 238 ; also People v. Kleimman, 168 Misc. 920 [1938] ; Barnett v. Commonwealth, 348 S.W. 2d 834 Ky. [1961] ; United States v. De Angelo, 138 F. 2d 466 [1943] ; Ashe v. Swenson, supra, at p. 443 ; United States v. Maybury, 274 F. 2d 899 ; United States v. Petti, 168 F. 2d 221 ; 79 Harv. L. Rev. 433 ; United States v. Rangel-Perz, 179 F. Supp. 619 [D.C. Cal., 1959] ; Rouse v. State, 202 Md. 481), no case cited or brought to this court’s attention has held that-it is not a requirement for the exercise of the doctrine of collateral estoppel in criminal law.
The court is cognizant of the recent decision by the New York Court of Appeals (Schwartz v. Public Administrator, 24 N Y 2d 65) where the traditional concept of collateral estoppel was replaced by the full and fair opportunity test in applying the doctrine. (Zdanok v. Glidden Co., 327 F. 2d 944 ; Graves v. Associated Transp., 344 F. 2d 894 ; Teitelbaum Furs v. Dominion Ins. Co., 58 Cal. 2d 601 ; Bernhard v. Bank of America, 19 Cal. 2d 807 ; see, also, Currie, Mutuality of Collateral Estoppel: Limits *500 of the Bernhard Doctrine, 9 Stan. L. Rev. 281.) The decision stated (p. 70): “ We have, however, already discarded, as irrelevant to a proper consideration of the issues in this area, the fact that there may or may not have been any significant jural relationship between the party .seeking to invoke the doctrine and the prior victor. (Cummings v. Dresher [18 N Y 2d 105] ; Israel v. Wood Dolson Co. [1 N Y 2d 116] ; B. R. De Witt, Inc. v. Hall [19 N Y 2d 141]. Similarly, in our most recent decision in De Witt we stated that the doctrine of mutuality ‘ is a dead letter ’ (19 N Y 2d, p. 147) and we removed the limitation that a prior judgment may only be used defensively.” “New York Law has now reached the point where there are but two necessary requirements for the invocation of the doctrine of collateral estoppel. There must be an identity of issue which has necessarily been decided in the prior action * * * and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling.” (Schwartz, supra, at p. 71.)
Undeniably the language cited above establishes court-made rules for the application of collateral estoppel in a civil case. The inherent differences in civil and criminal law would require a similar directive from an appellate court before the traditional concept of collateral estoppel and the requirement for ‘ ‘ mutuality of estoppel ” is replaced by this new concept of “ full and fair opportunity ’ ’ in the criminal areas. Lacking .such direction, the absence of mutuality requires a denial of this application.
Even if Schwarts were held applicable to a criminal case, the result would not necessarily be different on this motion. “ A comprehensive list of the various factors which should enter into a determination whether a party has had his day in court would include such considerations as the size of the claim, the forum of the prior litigation, the use of initiative, the extent of the litigation, the competence and experience of counsel, the availability of new evidence, indications of a compromise verdict, differences in the applicable law and foreseeability of future litigation.” (Schwartz, at p. 72.) “ Collateral estoppel in criminal cases is not to be applied with the hypertechnical and archaic approach of a 19th century pleading book, but with realism and rationality * * * The inquiry ‘ must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings. ’ Sealfon v. United States, 332 U. S. 575, 579.” (Ashe v. Swenson, supra, at p. 444, emphasis added.)
It is fair to .say that there is one witness who. may now be available to testify in this proceeding whose testimony was *501 clearly absent from the Family Court matter — the respondent there. That juvenile no longer has the protection of section 10 of the Code of Criminal Procedure and CPLR 4501, having had a determination as to his activity on the date in question, and is no longer subject to prosecution. Judge Golding placed considerable emphasis on the absence of corroboration of the sexual acts (decision, p. 7) and it is this lack of corroboration which defense counsel urges is decisive here. This witness may provide facts which would satisfy the needed corroboration (Penal Law, § 130.15). To foreclose the People from the use of this new evidence is contrary to the intent and purpose of Schwartz in establishing the new guidelines for the doctrine of collateral estoppel.
Based on all the foregoing, it is
Ordered that the instant application is in all respects denied.