Wilmer J. Patlow, J.
Late on the evening of November 29, 1970, at approximately 1:15 a.m., defendant was a passenger in a vehicle that was stopped on Norton Street in the City of Rochester because of a headlight defect by Officer John A. O ’Shaughnessy who was working alone. The vehicle did not have a valid inspection certificate and the driver was unable to produce an operator’s license and registration. The driver was advised that he was under arrest for all four of the foregoing traffic violations.
At this point, defendant emerged from the car and stated to the police officer in a rather loud voice £ ‘ you have no right arresting my friend.” The officer requested the defendant to get out of the street and either go up on the sidewalk or return to the vehicle. Instead, the defendant repeated the same statement several times while the officer placed the driver in custody and called for a tow truck. After making the tow truck call, the officer returned to the defendant and advised him again to leave the street. The defendant continued to state that the officer had no right to arrest his friend. The defendant then stated in a loud and clear voice directed at the officer 1 £ you are an ass hole. ’ ’ Defendant was advised he was under arrest for disorderly conduct and was placed in the back seat of a police cruiser. In *226 effectuating the arrest, there was some physical contact, but it was slight in nature and the officer testified that no real resistance was offered by the defendant.
The officer also testified that he saw no other person or persons throughout this encounter, nor did he observe lights on in neighborhood homes adjoining the area. The arresting officer further testified that he first observed other persons at the scene only when the police “ paddywagon ” arrived five minutes later to take defendant and driver to the public safety building.
The other witness for the people, Officer Francis H. Hobizon, testified that he arrived on the scene after hearing Officer 0 ’Shaughnessy’s earlier call for a tow truck and that he observed some passing vehicles on Norton Street but none had stopped at the scene. Officer Hobizon further testified that the persons whom he observed after the arrival of the “ paddywagon ” were probably present because of curiosity aroused by the arrival of the wagon.
Based upon the foregoing, the defendant was charged with two counts of disorderly conduct in violation of subdivisions 1 and 3 of section 240.20 of the revised Penal Law. The trial was held before this court. The People’s case consisted solely of the testimony of the two police officers. The defense called no witnesses and rested at the conclusion of the People’s case.
The statutes, the violations of which defendant is charged, are as follows:
§ 240.20. Disorderly conduct. 11 A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof:
“ 1. He engages in fighting or in violent, tumultuous or threatening behavior; or * * *
“ 3. In a public place, he uses abusive or obscene language, or makes an obscene gesture ”.
In addition, the court feels the following statute is relevant to its decision in this case:
§ 240.25. Harassment.
‘ ‘ A person is guilty of harassment when, with intent to harass, annoy or alarm another person: * * *
“ 2. In a public place, he uses abusive or obscene language, or makes an obscene gesture ”.
The court finds that there was insufficient evidence of fighting or violent, tumultuous, or threatening behavior to justify conviction of defendant under subdivision 1 of the disorderly conduct statute and therefore must dismiss that charge.
*227 The court does find that defendant’s conduct meets the requirements of subdivision 3 of the disorderly conduct statute inasmuch as abusive or obscene language was used in a public place. However, the defense argues that the intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, does not exist in this case because there were no spectators or witnesses present at the time of the incident and when people did arrive on the scene they were not necessarily motivated by said incident, but rather by natural curiosity. In support of its position, the defense cites People v. Pritchard (27 N Y 2d 246), People v. Todaro (26 N Y 2d 325) as well as People v. Vest (11 A D 2d 1080).
The People respond by arguing that they must show a substantial risk of public alarm, not actual public alarm to sustain a disorderly conduct conviction.
Relying on the same cases as the defense, namely, the Pritchard and Todaro decisions, they go on to state that the People must prove only “ a conscious disruptive intent ” on the part of the defendant which would create such substantial risk of public alarm.
Applying these arguments to the facts at bar, this court finds that the People have not proven “ a conscious disruptive intent ” on the part of the defendant which would create the substantial risk of public alarm required by the holding in People v. Pritchard (supra). The lack of any public observance of the incident, the lateness of the hour of its occurrence, as well as the testimony that when the public did gather it did so out of curiosity, are all factors which make it impossible to infer such intent and consequently impossible to convict the defendant of violating subdivision 3 of the disorderly conduct statute under the decisions previously cited, as well as the cases of People v. Monnier (280 N. Y. 77) People v. Perry (265 N. Y. 362) and People v. Smith (19 N Y 2d 212).
Nevertheless, this court finds that defendant’s conduct violated subdivision 2 of the harassment statute. The court has already found that the defendant used abusive or obscene language in a public place; it now finds that defendant intended to harass, annoy or alarm the arresting officer by the use of such language.
The question immediately arises as to whether or not this court can properly find a defendant, who is tried under an information charging him with disorderly conduct, guilty of harassment.
The Court of Appeals has said “harassment is essentially similar to the offense of disorderly conduct since it involves essentially the same conduct, but is directed toward an individual *228 rather than toward the public in general ”, (People v. Todaro, supra, p. 330.)
The Practice Commentary makes basically the same observation by stating that the harassment statute proscribes conduct 1 ‘ which ordinarily would constitute disorderly conduct if public alarm or disorder were intended or created but which does not amount to the latter because the act is of a kind that alarms or ‘ harasses ’ an individual rather than the public in general. ’ ’ (See Practice Commentary Penal Law, § 240.25, McKinney’s Cons. Laws of N. Y., Book 39.)
The Supreme Court, Appellate Term, First Department, has recently ruled that a defendant charged with harassment cannot be found guilty of disorderly conduct as a lesser included offense (People v. Alvares, 66 Misc 2d 205). This decision was based upon the fact that disorderly conduct requires proof of an additional element — intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof ’ ” — which is not required to establish harassment. It logically follows that a disorderly charge, which fails to establish this additional element, may still survive as the offense of harassment.
In passing it should be noted that subdivision 3 of the disorderly conduct statute and subdivision 2 of the harassment statute are identical in language, unlike any of the other subdivisions under either statute.
Based upon all the foregoing, the court finds that it can properly convict the defendant of harassment in violation of subdivision 2 of section 240.25 of the revised Penal Law and does so accordingly.