## Commonwealth v. Hicks

*J. Kipp Lukehart, District Attorney,* for Commonwealth.
*Barry Tumpson,* for defendant.

SNYDER, *P. J.,* June 17, 1975 — This case involves the question of whether defendant is guilty of disorderly conduct by reason of having shouted alleged obscene language to police officers.

The facts are that on the evening of February 14, 1975, a mini rock festival involving about two hundred persons was in progress at the Hormtown Community Center in Washington Township, Jefferson County. The state police had received some complaints that underage drinking and numerous traffic violations were taking place at the rock festival, and about 11:15 p.m. several state police officers went to investigate these complaints. When they arrived they found a crowd of persons milling about the parking lot in front of the Community Center Building. These were persons in attendance at the rock festival. Also present and nearby were several other persons who were not attending the rock festival. These persons were described as being friendly to the police and may, in fact, have been the persons who filed the complaints with the police. In any event, very soon after the police arrived and before they had taken any action, defendant and two other persons took a position in front of the crowd in the parking lot, which at that point was about 50-60 feet from where the police were standing. It was then that defend-

ant shouted to the police, "F—k you pigs; get the f—k out of here," and as defendant said this he also threw some object in the direction of where the police were standing. The object, which the police could not identify with certainty, fell about fifteen feet short of where the police were standing. Thereupon, the police attempted to apprehend defendant but he ran into the Community Center Building and disappeared into the crowd. Several days later, the police filed a citation against defendant charging him with disorderly conduct of the grade of a summary offense. The citation states the nature of the offense as follows: "Obscene language, loud and boisterous, was also throwing missiles."

Disorderly conduct is defined in section 5503 of the Crimes Code of December 6, 1972, P. L. 1482, 18 C.P.S.A. § 5503, as follows:

"(a) . . . A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

"(1) engages in fighting or threatening, or in violent or tumultuous behavior;

"(2) makes unreasonable noise;

"(3) uses obscene language, or makes an obscene gesture; or

"(4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor."

This new definition of disorderly conduct, as set forth in section 5503 of the Crimes Code, is considerably different from the definition of disorderly conduct in section 406 of The Penal Code of 1939. According to the comment of the Joint State Government Commission (1967), this new definition

of disorderly conduct defines the crime more precisely and consolidates and extends the previous law which was limited to "any loud, boisterous and unseemly noise or disturbance . . . ." The commission further commented that under subsections (a)(2) and (3) the offense is extended to coarse or indecent utterances and abusive language. We also note with interest the Model Penal Code Comment (T. D. no. 13, pp 6-18) to section 250.2 which is the section from which section 5503 of the Pennsylvania Crimes Code is derived. That comment states: ". . . [obscene] language is penalized . . . regardless of any actual or presumed tendency to evoke disorder among the hearers, since the interest we seek to protect is freedom from present nuisance rather than freedom from anticipated violence."

We are unable to find any Pennsylvania cases dealing with the crime of disorderly conduct since the adoption of the Crimes Code. However, we do find cases reported in New York State where the definition of disorderly conduct is quite similar to the definition in the Pennsylvania Crimes Code. In the case of People v. Todaro, 310 N. Y. Supp. 2d 303, 26 N. Y. 2d 325 (1970), a police officer observed defendant and three companions for about an hour as they were standing outside the entrance to the Seventh Avenue subway on the corner of Seventh Avenue and 42nd Street in New York City. During that hour the police officer had asked defendant several times to move on. The last time the officer made the request the defendant said: "You can't tell us to f—g move." Defendant was charged and convicted of disorderly conduct. On appeal to the Court of Appeals of New York the conviction was affirmed. The court there said, 26

N. Y. 2d 329: "On this record, the trial court could well have found beyond a reasonable doubt that the appellant was aware of and consciously disregarded a substantial and unjustifiable risk that 'public inconvenience, annoyance or alarm, might result from his use of clearly 'abusive and obscene language' . . ."

We also note the case of People v. Gingello, 324 N. Y. Supp. 2d 122, 67 Misc. 2d 224 (1971). In that case, defendant, in protest of a police officer having arrested defendant's friend for a traffic violation, shouted at the police officer in a clear, loud voice: "You are an ass hole." The court found that the language was obscene and was uttered in a public place (a street in the City of Rochester). However, the court went on to say that the lack of any public observance of the incident and the lateness of the hour (1:15 a.m.) were factors which made it impossible to infer that defendant uttered his statement with "a conscious disruptive intent" and therefore the disorderly conduct charges should be dismissed.

We recognize that charges of disorderly conduct arising from altercations with policemen should be approached with caution. As the comment to the Model Penal Code (T. D. no. 13, 6-18) points out: ". . . [I]t is the policeman's unhappy lot to be dealing most frequently with the most unruly and unrefined elements of the population." However, the Model Penal Code Comment also notes: ". . . (section 5503) narrows but does not eliminate the possibility of undesirable prosecutions in the police altercations situation. By requiring disturbance of the public peace, rather than the peace and tranquillity of 'any person,' we have eliminated from the offense insults that merely roil the policeman's

feelings, regardless of any putative tendency to provoke the policeman to breach the peace. Arguing with the police is clearly excluded, so long as the argument proceeds without . . . (obscene) language . . . or loudness as to permit an inference of . . . (intentional) or reckless disturbance of the tranquillity of the neighborhood."

It is our conclusion that defendant is guilty of disorderly conduct within the definition of section 5503 of the Crimes Code. Although the principal intent of defendant may have been to insult the police rather than to cause *public* inconvenience, annoyance or alarm, and although defendant might have used such language knowing that it would not be more than amusing to the others in attendance at the rock festival, the further fact in this case is that there were also several members of the general public present at the scene. We believe the language used by defendant is considered to be obscene by the general public in Jefferson County and for defendant to have shouted such language, albeit to policemen, but under circumstances where it might be overheard by members of the general public, was an act "recklessly creating the risk of public inconvenience, annoyance or alarm," within the meaning of section 5503 of the Crimes Code. As was stated in the case of People v. Todaro, supra: "[T]he statute does not require proof of the accomplished fact of public inconvenience, annoyance or alarm; but proof only from which the *risk* of it, recklessly created, might be inferred . . ."

For the reason given we therefore enter the following

## ORDER

And now, June 17, 1975, we find defendant

guilty of the crime of disorderly conduct in the grade of a summary offense.

It is the sentence of this court that defendant shall pay the costs of prosecution of this case and a fine of $100.